No. 42,035

STATE OF KANSAS, *Appellee*, v. GEORGE OSCAR HALL, *Appellant*.

(356 P. 2d 678)

Opinion filed November 12, 1960.

*David W. Wheeler*, of Marion, argued the cause, and *Edwin G. Westerhaus* and *D. W. Wheeler*, both of Marion, and *D. M. Ward*, of Peabody, were with him on the briefs for the appellant.

*Roger H. Morse*, county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, and *Robert E. Hoffman*, assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant, George Oscar Hall, entered a plea of guilty to an information charging him with second-degree burglary and grand larceny. After his plea and before he was sentenced, the state introduced evidence disclosing defendant's prior convictions of felony. He was sentenced to the Kansas state penitentiary for a period of not less than fifteen years under the provisions of G. S. 1949, 21-107a, which provides, in part, that every person convicted of felony a third time shall be confined in the penitentiary for a period of not less than fifteen years. Judgment in such cases shall not be given for the increased penalty, unless the court shall find from the record and other competent evidence the fact of former convictions of felony committed by the prisoner in or out of this state.

The sole question raised by defendant is whether the sentence was properly imposed under G. S. 1949, 21-107a, the so-called habitual criminal act, pursuant to a finding of two or more prior convictions of felony based upon certified copies of the prison records of said defendant, furnished and certified, respectively, by the records clerk of the Kansas state industrial reformatory and the records clerk of the Kansas State penitentiary.

Prior to sentence the state introduced Exhibit 1, a certificate of record from the records clerk of the mentioned reformatory showing photographs, fingerprint record and photocopy of a certified copy of the journal entry of judgment, sentence and commitment of defendant to that institution for the crime of second-degree burglary and grand larceny. Such conviction was had in Reno county in 1951. The state also introduced Exhibit 2, a certificate of record from the records clerk of the mentioned penitentiary enclosing photograph, fingerprint record and photocopy of a certified copy of the journal entry of judgment and sentence, all showing the conviction of defendant of the crime of second-degree burglary in Rice county in 1958, as well as Exhibit 3 showing a certificate of record from the records clerk of the penitentiary, including photocopy of a certified copy of the journal entry, sentence and commitment of defendant by the Reno county district court for the crime of second-degree burglary in 1953, together with photograph and fingerprint record. Upon this evidence the district court imposed the penalty under G. S. 1949, 21-107a.

Defendant asserts that the mentioned records which authorized the prison to hold him are inadmissible and that the state should have introduced the original records from the office of the clerk of the district court of the respective counties where the sentences were imposed. Defendant's contention is not well taken.

G. S. 1949, 76-2307 requires that a record containing a copy of the indictment, the verdict of the jury and the commitment to the reformatory must be delivered to the officers conveying said convict to the reformatory. Section 76-2308 specifically states that a copy of this record may be used against the convict in any proceeding taken by him for release from prison.

G. S. 1949, 62-1516 provides that a record shall be made, containing, among other things, the verdict and the sentence imposed. Section 62-1518 provides that a certified copy of this record shall be delivered to the sheriff, who shall cause the convict to receive the punishment to which he was sentenced. It is the duty of the county attorney to see that the judgment of the court is carried into effect, and this duty includes a requirement that he furnish the necessary commitment orders and certified copies of the journal entry of judgment, by way of the sheriff, to the warden of the penitentiary as authority for detaining the prisoner.

G. S. 1949, 60-2854 provides that copies of all papers authorized or required by law to be filed or recorded in any public office or of any record required by law to be made or kept in any such office duly certified by the officer having the legal custody of such paper or record under his official seal may be received in evidence with the same effect as the original. See also the uniform photographic copies of business and·public records as evidence act, G. S. 1959 Supp., 60-2854a.

There can be no question but that the records introduced by the state were such as were required to be recorded and kept at the respective institutions and that they were properly admitted in evidence. In each case the trial court not only had before it photocopies of certified copies of the journal entry of conviction, sentence and commitment, but also the defendant's photograph and fingerprint record. The court was able to identify the defendant as the one sentenced for the previous felonies. The judgment of the trial court is affirmed.

It is so ordered.