Arley C. BROWNING, Appellant,

v.

Tracy A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 6464.

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1960.

Rehearing Denied Nov. 29, 1960.

Philip H. Lewis, Topeka, Kan., for appellant.

Charles N. Henson, Jr., Asst. Atty. Gen. of Kansas (John Anderson, Jr., Atty. Gen. of Kansas, on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The petitioner is confined in the Kansas State Penitentiary where he is serving a life sentence as an habitual criminal. This is an appeal from an order discharging a writ of habeas corpus and remanding the petitioner to the custody of the warden. The only contention which merits discussion is that the petitioner was denied due process of law because he was not given adequate notice that the provisions of the Kansas habitual criminal statute [1] were to be invoked against him, thereby depriving him of the right to defend upon the issue of whether he was an habitual criminal.

The factual situation in this case is the same as Johnson v. State (Hand), 10 Cir., 284 F.2d 344, except that it does not appear from the record that the petitioner had prior notice of the hearing upon the applicability of the Kansas habitual criminal statute. It does appear, however, that the petitioner was present with his attorney at the hearing when the court considered the evidence from which it found that he was an habitual criminal, and he made no objection to the proceeding. On appeal, the judgment and sentence was affirmed by the Supreme Court of Kansas, and the question of the lack of notice was not raised there. State v. Browning, 182 Kan. 244, 320 P.2d 844, appeal dismissed 356 U.S. 583, 78 S.Ct. 1002, 2 L.Ed.2d 1063. In a state habeas corpus proceeding before the Supreme Court of Kansas, the constitutionality of the habitual criminal statute was attacked, but apparently the petitioner did not assert denial of due process because of insufficient notice of the hearing. Browning v. Hand, 184 Kan. 365, 336 P.2d 409, certiorari denied 361 U.S. 926, 80 S.Ct. 295, 4 L.Ed.2d 240. One convicted of a felony in Kansas is entitled to notice of the hearing held to determine whether he is subject to the provisions of the habitual criminal statute,[2] and due process requires notice.[3] This is, however, a right which can be waived. Cf. Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83; Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Adams v. United States, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268; Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834; United States ex rel. Jackson v. Brady, 4 Cir., 133 F.2d 476, certiorari denied 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702, rehearing denied 319 U.S. 784, 63 S.Ct. 1315, 87 L.Ed. 1727; United States v. Gill, D.C.N.M., 55 F.2d 399. Assuming that prior notice of the hearing was not given, the defendant was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of previous felonies which would make him subject to the penalties of the habitual criminal statute. The time for complaint was then, not now. Cf. Williams v. State of Oklahoma, 358 U.S. 576, 583, 79 S.Ct. 421, 3 L.Ed.2d 516.

1. Kan.Gen.Stat.1949, § 21–107(a).

2. State v. Woodman, 127 Kan. 166, 272 P. 132.

3. In Powell v. State of Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158, the court said:

"It never has been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, constitute basic elements of the constitutional requirement of due process of law."

The due process clause of the 14th Amendment does not guarantee that the decisions of the state courts shall be free from error nor impair the right of the states to establish judicial procedures. The federal courts will intervene only when fundamental constitutional guarantees have been transgressed. Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683; Lyons v. State of Oklahoma, 322 U.S. 596, 605, 64 S.Ct. 1208, 88 L.Ed. 1481; Allen v. State of Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949; Fallbrook Irrigation District v. Bradley, 164 U.S. 112, 157, 17 S.Ct. 56, 41 L.Ed. 369.

Affirmed.