No. 44,446

ROBERT LEE KELLY, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(411 P. 2d 611)

Opinion filed March 5, 1966.

*M. K. Hoag,* of Pleasanton, argued the cause and was on the brief for the appellant.

*Leighton A. Fossey,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Richard A. Seaton,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Appellant-petitioner, Robert Lee Kelly, being confined in the state penitentiary under a sentence of twenty years, filed a motion to vacate judgment and sentence pursuant to the provisions of K. S. A. 60-1507. The trial court entered judgment denying relief and subsequently denied a motion for a rehearing. Thereafter petitioner perfected this appeal. Five points are relied upon by petitioner. A narration of factual background is necessary for proper consideration of petitioner's contentions.

The petitioner and two codefendants, Gary Edward Pitts and Robert Thomas Karrick, were arrested on April 23, 1956, in Kansas City, Missouri, on a charge of burglarizing a hardware store in Blue Mound, Kansas, early in the morning of the same day. In due course they were extradited and returned to Linn county to face the charges.

The record discloses that petitioner was represented by counsel from the time he was first brought before the justice of the peace in Mound City, Kansas, the petitioner and Pitts being represented by Mr. John H. Morse, and defendant Karrick by Mr. Michael Kennedy. Preliminary hearing was waived and the three defendants were bound over for trial in the district court.

The petitioner, Pitts and Karrick, were jointly charged in an information filed in the district court in case No. 11,366. They appeared before the district court on July 9, 1956, and John H. Morse was appointed attorney for petitioner and defendant Pitts; defendant Karrick having retained an attorney. Mr. Morse entered pleas of not guilty for petitioner and defendant Pitts.

The case was subsequently dismissed and petitioner and defendant Pitts and Karrick were rearrested on September 26, 1956. On the same day petitioner appeared before a justice of the peace where he was represented by Mr. Morse. A preliminary hearing was requested and set for October 9, 1956. Petitioner appeared with his attorney at the preliminary hearing and was bound over for trial in the district court. On October 31, 1956 an information was filed by the county attorney jointly charging petitioner, Pitts and Karrick with burglary in the second degree (G. S. 1949, 21-520) and grand larceny (G. S. 1949, 21-533).

On November 1, 1956, petitioner and defendant Pitts again appeared before the district court, together with counsel John M. Morse, the information was read and pleas of not guilty entered for the defendants. The record discloses that defendant Pitts was tried to a jury on December 3, 1956. Petitioner testified as a witness for defendant Pitts at his trial. On January 17, 1957, petitioner appeared in person and by his attorney, John H. Morse, before the district court, withdrew his plea of not guilty and entered a plea of guilty to both counts of the information. The journal entry of the proceeding then reflects that petitioner was asked by the court if he had any legal reason why the judgment and sentence of the court should not be pronounced. He answered in the negative. Thereupon the county attorney presented authenticated copies of convictions of petitioner for the crime of burglary in the second degree in the circuit court of Jackson county, Missouri, on April 27, 1949, and of the crime of larceny in the circuit court of Buchanan county, Missouri, on July 11, 1952. The record reflects no objection on the part of petitioner or counsel at this point of the proceeding.

The court found that petitioner had twice previously been convicted of felony offenses and that sentence should be prescribed as provided by section 21-107a, G. S. 1949. The petitioner was sentenced to confinement in the penitentiary for a term of 20 years.

On January 24, 1957, petitioner by John H. Morse, his attorney, filed notice of appeal in the Supreme Court of Kansas. The appeal was dismissed on May 29, 1957, by this court.

On August 11, 1964, the district court considered a letter of petitioner, mailed on July 30, 1964, in which petitioner asked that his letter be treated as a motion and a petition for redress. Petitioner claimed in the letter that he was without counsel at his preliminary hearing. The district court made a transcript of O. G. Dennis, justice of the peace, a part of its memorandum order. The transcript filed with the clerk of the district court disclosed that John M. Morse appeared as counsel for petitioner at the preliminary hearing. The court further found that petitioner was represented by able and competent counsel from the time of "arraignment" (*sic*) preliminary hearing before the justice of the peace until the dismissal of the appeal before the supreme court. The court further found that the motion and petition for redress and the files and records of the case conclusively showed that the petitioner was entitled to no relief.

It is clear from the record that the letter of petitioner was considered and treated by the court as a motion pursuant to K. S. A. 60-1507. It is to be noted that this proceeding took place prior to the adoption by this court of Rule No. 121 on October 16, 1964, set out in 194 Kan. xxviii.

Subsequently, petitioner filed a petition pursuant to 60-1507, *supra*, on the forms prescribed by Rule No. 121, *supra*. The district court considered the petition and filed its memorandum opinion on December 15, 1964, in which relief was denied. Thereafter the court received a letter from petitioner which was treated as a motion for rehearing. On December 30, 1964, a memorandum decision of the court was filed and entered denying the motion for a rehearing. The petitioner filed notice of appeal and on January 19, 1965, the court granted petitioner leave to proceed in forma pauperis and appointed M. K. Hoag as counsel to represent petitioner in this appeal.

The first and principal point relied upon by petitioner in his appeal is whether the state gave sufficient notice of its intention to invoke the habitual criminal statute at the time petitioner was sen-

tenced on January 17, 1957. It is conceded by the state that the records shows no formal notice of intention to invoke the habitual criminal act prior to January 17, 1957. However, the record reflects that petitioner was represented by counsel at the time of sentencing and had been represented by the same counsel since July 9, 1956. In fact when petitioner was before the district court on July 9, 1956, the court inquired of defendants and their counsel:

"Court: Do they all have records?

"Leighton A. Fossey (County Attorney): Yes."

The record further shows that when the authenticated records of prior convictions were submitted to the court at the time of sentencing there was no objection or request for a continuance by either petitioner or his counsel.

In considering this point the trial court found:

"There is no allegation in petitioner's motion that even now, almost eight years later, that earlier notice would have availed the petitioner of anything. He does not claim that he was not the person named in the authenticated copies of prior convictions which were introduced before the court, or that the prior convictions were invalid, nor does he give any indication that such prior notice would have been of any benefit to him."

In the memorandum denying the motion for rehearing the trial court further stated:

"In this proceeding, it is incumbent upon the petitioner to show not only that there was some irregularity in the prior proceeding, but that he was deprived of a substantial right. The record shows clearly that he was present with counsel, made no objection and voiced no complaint when the certified copies of prior convictions were introduced in evidence; he waited over seven years, until after his direct appeal to the Supreme Court of Kansas was dismissed and until after his first motion for discharge under Section 60-1507 had been heard and denied in this Court earlier this year; and he now offers no suggestion in any of his papers filed with this Court that prior notice would have been of any benefit to him. Under the circumstances, he is not entitled to his discharge because of this irregularity."

The record before us on appeal fully substantiates the trial court's findings in this regard. The situation presented on this point is similar to that considered in the case of *Browning v. Hand*, 284 F. 2d 346, a federal habeas corpus case arising in Kansas, wherein it was stated on page 347 of the opinion:

"The only contention which merits discussion is that the petitioner was denied due process of law because he was not given adequate notice that the provisions of the Kansas habitual criminal statute were to be invoked against him, thereby depriving him of the right to defend upon the issue of whether

he was an habitual criminal. . . . Assuming that prior notice of the hearing was not given, the defendant was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of previous felonies which would make him subject to the penalties of the habitual criminal statute. The time for complaint was then, not now."

In the opinion written by Judge Pickett, of the Circuit Court of Appeals, 10th Circuit, numerous federal cases are cited in support of the holding. The *Browning* case has been cited with approval by this court in *Thompson v. State*, 195 Kan. 318, 403 P. 2d 1009; and *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528.

In the recent case of *Chance v. State*, 195 Kan. 711, 407 P. 2d 236, in considering the same question under similar facts this court quoted with approval the conclusion of the trial court as follows:

"'Petitioner has given this court no indication that even if afforded an opportunity at this time, he could successfully refute the evidence of his former felony convictions (see *State v. Messmore*, 175 Kan. 354 [264 P. 2d 911]; and *Johnson v. Crouse*, 191 Kan. 694 [383 P. 2d 978]). The court concludes that petitioner was not prejudiced due to the failure of the State to advise him that the habitual criminal act would be invoked prior to entry of his plea of guilty, or prior to the day of sentencing.'" (p. 715.)

In the recent case of *Brown v. State*, 196 Kan. 236, 409 P. 2d 772, the issue of notice prior to the invoking of the provisions of the habitual criminal act was raised. It was held that petitioner should have been given a full evidentiary hearing. The trial court had found petitioner had raised a question of fact requiring the presentation of evidence by the state and heard the state's witnesses but over the objection of petitioner's counsel refused to return petitioner for the hearing. The instant case is clearly distinguishable. The trial court in the case at hand found conclusively that the record and petition raised no such substantial issue of fact. It is also to be noted that in *Brown v. State*, supra, it was stated that the opinion was not intended to dilute decisions of this court holding that a defendant had waived notice.

In view of what has been said the trial court was correct in finding the petitioner not entitled to relief on this point.

For his second point petitioner contends the trial court erred in not vacating the sentence on the grounds that his direct appeal was thwarted by the failure of his court appointed attorney to follow through with such appeal. On this point petitioner merely alleges

that he appealed to the supreme court from the judgment of conviction and that the appeal was dismissed. He fails to set out any trial errors in his petition. In *Ramsey v. United States,* 223 F. Supp. 605 (1963) a similar question was considered in a proceeding to vacate sentence pursuant to 28 U. S. C. A. § 2255. It was stated:

"Even if it were shown that the failure of the petitioner to appeal was due to a mere neglect of his counsel, which has not been done, there must be a further showing, also not present here, that there was plain reversible error in the trial." (p. 606.)

(See also *Mitchell v. United States,* 254 F. 2d 954 [1958]; *Taylor v. United States,* 177 F. 2d 194 [1949] and *Fennell v. United States,* 339 F. 2d 920 [10th Cir. 1965].)

The record reveals no attempt on the part of petitioner to reinstate the appeal during the intervening eight years.

Petitioner in this case was represented by competent counsel and was in close contact with him for a period of more than six months prior to conviction. It must be presumed that he was fully and fairly represented in all matters before the trial court and the appeal and dismissal thereof. (*Dexter v. Crouse,* 192 Kan. 151, 386 P. 2d 263.)

For his third and fourth points petitioner claims that the trial court should have appointed counsel to represent him and granted a request for personal appearance at the hearing of his motion pursuant to 60-1507, *supra.* The record discloses that the trial court carefully considered petitioner's applications for relief on three different occasions, the first letter on August 11, 1964, the present matter in which the order was filed on December 15, 1964 and his motion for rehearing in which the trial court filed a further memorandum. The trial court found that the files and records conclusively showed that petitioner was not entitled to relief. The court further found that no substantial issues of fact as to events in which petitioner participated or substantial questions of law were raised by the allegations of the petition. We are convinced, from our search of the record, that the findings of the trial court were fully justified. Under such circumstances the sentencing court is not required to grant a formal plenary hearing, or to appoint counsel, or to have the movant present. (*State v. Burnett,* 194 Kan. 645, 400 P. 2d 971.)

Lastly, petitioner claims that the sentence should have been vacated because the information was not verified positively on in-

formation and belief but was verified on knowledge and belief. The contention may be summarily disposed of. It has long been the rule in this state that proceeding to trial and entering a plea constitutes a waiver of any technical defects in the information. (*State v. McArthur,* 186 Kan. 745, 352 P. 2d 954 and cases cited therein.)

From an examination of the entire record we are of the opinion that no error has been shown.

The judgment of the trial court is affirmed.