No. 44,642

Orville Clyde Brown, *Appellant,* v. State of Kansas, *Appellee.*

(424 P. 2d 576)

Opinion filed March 4, 1967.

*Gary L. Dinges,* of Hutchinson, argued the cause, and *Matthew J. Dowd,* of Hutchinson, was with him on the brief for the appellant.

*Richard J. Rome,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Raymond F. Berkley,* and *Lane H. Cronhardt,* assistant county attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: This K. S. A. 60-1507 proceeding was previously before this court (*Brown v. State,* 196 Kan. 236, 409 P. 2d 772) on the question of whether or not a petitioner's presence is required at

the hearing on a motion attacking his sentence where there is a substantial issue of fact about events in which he participated.

Inasmuch as the essential facts are adequately recited in *Brown v. State,* supra, they will not be repeated. Petitioner's main contention at that time was that sentence was imposed without his having been given notice prior thereto that the state intended to invoke the provisions of the habitual criminal act (G. S. 1949 [now K. S. A.] 21-107a). On appeal, this court held that where the sentencing court determined the petitioner's claim was substantial and an evidentiary hearing was necessary, the petitioner's presence was required because involved was a substantial issue of fact relating to his participation in certain events.

Pursuant to this court's mandate, a full evidentiary hearing was held February 9 and 10, 1966, with the petitioner and his counsel being present. Although the motion alleged several grounds, evidence was presented only on (1) the lack of notice of the state's intention to invoke the provisions of the habitual criminal act, and (2) the absence of the assistance of counsel at preliminary hearing. The other grounds were abandoned.

The district court, in denying the motion, made the following findings of fact regarding the issue of notice:

"13. Counsel Upp [petitioner's trial ,counsel] had conversations with the Reno County Attorney concerning the petitioner's case and he knew prior to trial that the provisions of the habitual criminal act would be invoked by the state if his client were found guilty. (Petitioner objected to any testimony concerning conversations between him and his counsel, which objection was sustained by the court after the petitioner specifically stated that he was not making any contention that there was any breach of duty by Mr. Upp within the exception of K. S. A. 60-426($b$) (3) concerning privileged communications between attorney and client and abandons any such ground for relief.)

"14. The then County Attorney of Reno County, John R. Alden, gave notice to petitioner's counsel that the provisions of the habitual criminal act would be invoked if petitioner were to be found guilty of the charges against him. He reiterated this intent to petitioner's counsel on several occasions prior to the trial; never expressed any contrary intent and made it clear to petitioner's counsel that G. S. 1949, 21-107a would be invoked to enhance the penalty if the petitioner was convicted.

"15. Petitioner denies that he was ever notified that the provisions of the habitual criminal act were to be invoked against him. He does not deny the prior felony convictions now, nor did he deny them at the time of sentencing. He told his counsel at the time of sentencing that three of the convictions under consideration were on 'one deal' and was informed that that fact made no difference."

The district court concluded that the petitioner, in fact, had notice the state intended to invoke the provisions of the act; that by his conduct at the time of sentencing petitioner waived any objection to the form of notice; and that

"The fundamental requisites of due process have been satisfied by assistance of competent counsel and the opportunity for a full and complete hearing on the issue of former convictions or their admissibility and any defects in the notice found to be given have been waived."

Although five assignments of error are raised on appeal, they may be condensed into two main points.

Petitioner first contends the court erred in concluding that prior to sentencing he had been given sufficient notice to satisfy the requirements of due process.

In our original opinion, *Brown v. State,* supra, after reviewing numerous state and federal cases, we emphasized that when the statute (K. S. A. 21-107a) is to be invoked, the fundamental requisites of due process are reasonable notice and an opportunity for a full and complete hearing, with the right to the aid of competent counsel.

No particular form of notice of intention to invoke the act is necessary; only reasonable notice of such intention is required. Notice need not be in writing; it may be verbally given to the accused by his attorney. (*Fairbanks v. State,* 196 Kan. 650, 413 P. 2d 985; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *Thompson v. State,* 195 Kan. 318, 403 P. 2d 1009.)

The evidence before the court at the evidentiary hearing was that the county attorney informed trial counsel on several occasions prior to trial that the act would be invoked if the trial resulted in a conviction. Petitioner stated to the court no claim was being made that there was any breach of duty on the part of his trial counsel. We need not pass on the correctness of the district court's ruling that the communication of such information by his attorney to the petitioner was privileged (K. S. A. 60-426), for in the absence of any contention that the attorney breached his duty in failing to notify the petitioner, we must presume that counsel discharged his duties with the utmost good faith and diligence and promptly informed the petitioner of any information material to the case. The district court's finding that the petitioner in fact had notice of the state's intention to invoke the act was supported by substantial,

competent evidence and, hence, cannot be disturbed on appeal. (*Lloyd v. State*, 197 Kan. 389, 416 P. 2d 766.)

The journal entry of judgment and sentence recites that Brown was ". . . brought before the Court for sentencing and asked if there was any legal reason why sentence should not be pronounced and no legal reason was given. Thereupon the State introduced evidence showing previous felony convictions of the Defendant, Orville Clyde Brown, as follows: [Listed are the judgments and sentences of five prior felony convictions, all in the state of Oklahoma.] and said evidence was admitted as true by the Defendant, Orville Clyde Brown."

It is obvious that Brown was given ample opportunity to object to the notice given, or lack thereof, attack the records of prior convictions, and state why an enhanced sentence should not be imposed. The record reveals petitioner's counsel objected to the records solely on the basis they were not properly authenticated. The objection was overruled, and no other objections were lodged; neither was a recess nor a continuance requested. At the 60-1507 hearing petitioner's counsel testified he showed Brown the authenticated copies of the various judgments and "asked him if there was any question about these," and Brown "didn't indicate that there was anything irregular or out of order with reference to these prior felony convictions, and gave me no indication that there was any reason to question them or to delay with the sentencing. . . ." Petitioner himself testified, "He [his attorney] looked at the papers at that time, and I told him three of those convictions were all one deal, and he said that didn't make any difference." Furthermore, petitioner admitted the truth of the prior convictions immediately prior to the time of sentencing. Under all the circumstances, we hold the petitioner was fully accorded the requirements of due process—(1) reasonable notice; (2) an opportunity for a full and complete hearing; and (3) with the aid of competent counsel.

In view of what has been said we need devote little space to petitioner's further argument that the district court erred in concluding that by Brown's conduct at the time of sentencing, any objection to the form of notice was waived. He relies on the statement of this court in *State v. Woodman*, 127 Kan. 166, 272 Pac. 132:

". . . After conviction, however, and *before* the allocution the defendant should be timely apprised that a sentence under the act of 1927 will be demanded against him, so that he may show cause, if he can, why such higher penalty should not be imposed. . . ." (Emphasis added.) (p. 172.)

The thrust of petitioner's argument is that the only time a defendant may object to the imposition of the habitual criminal act is at the time of allocution, and that there can be no waiver of notice where evidence of prior convictions is introduced subsequent to allocution. We do not agree.

While ordinarily the better procedure is that evidence of prior convictions should be introduced *prior* to allocution, a reversal of such procedure does not necessarily preclude an effective waiver of notice by a defendant.

Assuming that petitioner had no actual notice of the state's intention to invoke the act before the introduction of evidence of prior convictions, we believe the petitioner's conduct, as heretofore related, was such as to waive notice, irrespective that allocution occurred prior to the introduction of such evidence. What was said by this court in the recent case of *State v. Fountaine*, 196 Kan. 638, 414 P. 2d 75, is particularly apropos to the factual situation here:

"We need not decide whether the explanation given defendant by the court can be equated with notice that the state would request sentence under the Habitual Criminal Act, for the defendant is in no position at this time to complain of insufficient or inadequate notice. Fountaine was present and represented by counsel when sentence was imposed and neither he nor his counsel objected to the state's offer of proof. Neither did the defendant claim surprise, nor ask for a continuance, nor seek further time to meet and refute the state's evidence. Although an accused is entitled to reasonable notice before sentence is pronounced under the Habitual Criminal Act, this is a right which may be waived. (*Browning v. Hand*, 10 Cir. [1960], 284 F. 2d 346, 347, [cert. denied 369 U. S. 821, 7 L. Ed. 2d 786, 82 S. Ct. 833].) Under the circumstances shown to exist in this case, the defendant may not now assert that he was deprived of an opportunity to be heard. The time to complain was then, not now. (*Kelly v. State*, 196 Kan. 428, 431, 411 P. 2d 611; *Chance v. State*, 195 Kan. 711, 408 P. 2d 677.)" (p. 640.)

For other decisions of this court containing statements of like import, see *Goodwin v. State*, supra; *State v. Stubbs*, 195 Kan. 396, 407 P. 2d 215, and cases cited therein; and *Sanders v. Hand*, 190 Kan. 457, 375 P. 2d 785. Also, see *Rider v. Crouse*, 357 F. 2d 317 (10th Cir. 1966).

Under the circumstances disclosed by the record, we are unable to say the time of allocution adversely affected the substantial rights of the petitioner. The district court's conclusion that any objection to the form of notice was waived must be sustained.

Petitioner, in his second assignment of error, contends the failure to provide him with counsel at preliminary hearing violated his constitutional rights, and the district court erred in concluding to the contrary. The record reveals that petitioner requested, but was denied, appointment of counsel prior to the commencement of the hearing. The hearing proceeded with the petitioner conducting cross-examination of the state's witnesses.

We have reviewed the argument presented and find that no cogent reasons are advanced that would cause us to repudiate our well-established rule that an indigent accused has no constitutional right to appointed counsel at his preliminary examination, and that failure to provide him with counsel at such time does not constitute reversible error, absent a showing of prejudice to his substantial rights. (*State v. Washington,* 198 Kan. 275, 424 P. 2d 478; *State v. Peterson,* 198 Kan. 239, 424 P. 2d 552; *Lee v. State,* 197 Kan. 371, 416 P. 2d 285; *Witt v. State,* 197 Kan. 363, 416 P. 2d 717; *State v. Fountaine,* supra; *Coats v. State,* 196 Kan. 607, 413 P. 2d 81; *Byrd v. State,* 196 Kan. 466, 413 P. 2d 61; *Tate v. State,* 196 Kan. 435, 411 P. 2d 661; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.)

From an examination of the record we find no indication of prejudice to petitioner's substantial rights resulting from the lack of counsel at his preliminary examination. Other contentions have been fully answered in our disposition of the foregoing assignments of error. We are satisfied that none of petitioner's constitutional rights was infringed upon in the proceedings that culminated in his judgment and sentence.

The judgment of the district court is therefore affirmed.

FONTRON, J., not participating.