No. 44,765

Marvin L. Robertson, *Appellant*, v. State of Kansas, *Appellee.*

(426 P. 2d 52)

Opinion filed April 8, 1967.

*Robert L. Logan, Jr.,* of Hutchinson, argued the cause and was on the briefs for the appellant.

*Patrick Dougherty,* Assistant County Attorney, argued the cause, and *Richard J. Rome,* County Attorney, and *Raymond F. Berkley,* Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal from an order denying the petitioner, Marvin L. Robertson, relief in a post conviction proceeding pursuant to K. S. A. 60-1507.

The sentence under attack was imposed by the district court of Reno County on February 26, 1962. The conviction and sentence were affirmed by this court on appeal in *State v. Robertson,* 190 Kan. 771, 378 P. 2d 73. The matter was also before this court in an appeal from a judgment denying an application for a writ of error of *coram nobis.* (See *State v. Marvin Robertson,* 190 Kan. 777, 378 P. 2d 41, and a companion case *State v. [Howard B.] Robertson,* 190 Kan. 775, 378 P. 2d 39.)

In his motion in the lower court petitioner alleges, as his sole ground for relief, that he did not receive notice of the state's intention to invoke the Habitual Criminal Act (G. S. 1949, 21-107a, now K. S. A. 21-107a). On this point the trial court ruled as follows:

"Assuming, but not deciding, that he did not have actual notice, petitioner has, as a matter of law, waived notice of the State's intention to impose sentence under the provisions of the habitual criminal act."

On appeal petitioner makes several specifications of error all of

which may be consolidated in one principal point, *i. e.*, that the trial court erred in holding the files and records of the case conclusively showed that petitioner was entitled to no relief and that the presence of petitioner or appointment of counsel were unnecessary. Petitioner supports his contention with the argument that his allegation of lack of notice raised a triable issue of fact, the determination of which required an evidentiary hearing with petitioner's presence and the appointment of counsel.

The record discloses the trial court carefully considered petitioner's motion and made comprehensive and detailed findings of fact and conclusions of law. From our examination of the record on appeal we find the trial court's findings are supported by the files and records pertaining to the original prosecution in the lower court and further the findings sustain the conclusions of law entered thereon.

Petitioner was convicted of the offense of second degree burglary by a jury on January 26, 1962. He filed a motion for a new trial which was heard and denied by the trial court on February 23, 1962. He was sentenced on February 26, 1962. He was represented by competent and experienced counsel throughout the trial and post trial proceedings.

At the sentencing proceedings the state invoked the application of 21-107a, *supra*, and offered evidence of two prior convictions. One was a Laramie County, Wyoming, conviction for breaking and entering in 1959 and the other was a Reno County conviction for second degree burglary (G. S. 1949, 21-520, now K. S. A. 21-520 in 1960. Petitioner objected to the introduction of both prior convictions. The objection to the Kansas conviction was sustained. The objection to the Wyoming conviction was overruled and it was received in evidence. The trial court then imposed sentence of not less than ten nor more than twenty years in the Kansas State Penitentiary pursuant to G. S. 1949, 21-523, now K. S. A. 21-523, and 21-107a, *supra*.

The record shows no objection as to lack of notice nor does it reflect any request for a continuance. While the record is silent as to whether or not notice was given, it must be inferred from the circumstances that if notice was not given it was waived. If the objections to the introduction of the prior convictions were for lack of notice it is obvious neither conviction would have been received by the trial court.

Since the Wyoming conviction was admitted and the Kansas conviction barred it is logical to conclude that adequate notice if not actually given was waived and the objections lodged on other grounds. Under the circumstances related we believe the trial court was correct in finding a waiver of notice.

There is no showing that the lack of notice complained of here was raised by petitioner in his motion for a new trial, in his direct appeal, or in his petition for a writ of *coram nobis*. Petitioner makes no claim in his motion that earlier notice would have been of any benefit to him. Nor does he show in any way that his rights were prejudiced by the claimed inadequate notice.

Although the abstract of the original prosecution is not before us, it is to be noted that counsel for the state, in oral argument, stated without contradiction that petitioner freely admitted the prior convictions while on the witness stand.

While a person convicted of a felony ordinarily should be timely apprised that an increased sentence will be demanded pursuant to 21-107a, *supra*, a sentence will not be vacated where the evidence discloses such person admitted the former felony convictions and did not object to the increased sentence on the ground of lack of notice or assert it in his motion for a new trial. (*Brown v. State*, [No. 44,642], 198 Kan. 345, 424 P. 2d 576; *Kelly v. State*, 196 Kan. 428, 411 P. 2d 611; *Sanders v. Hand*, 190 Kan. 457, 375 P. 2d 785; *State v. Messmore*, 175 Kan. 354, 264 P. 2d 911; *Browning v. Hand*, 284 F. 2d 346 [10th Cir. 1960], cert. den. 369 U. S. 821, 7 L. Ed. 2d 786, 82 S. Ct. 833.)

In his motion the only proffers of evidence by petitioner were the files and records of the original prosecution and a letter of his trial counsel.

The letter referred to shows that counsel had no record of notice in his files. It also indicates that counsel believes no notice may have been given. While the letter of counsel may have been entitled to consideration on the question whether or not notice was actually given it is of no probative value on the issue of waiver upon which the conclusion of the trial court is based. As reflected in the extensive findings of the trial court, these matters were carefully considered and found by the trial court to raise no triable issues of fact or substantial questions of law.

Under the circumstances related, the conclusion of the trial court that any objection as to lack of notice was waived must be sustained.

Since petitioner waived notice and lodged objections to the prior convictions on other grounds it cannot be said that he was denied due process of law when sentence was pronounced.

It follows, therefore, the trial court was warranted in concluding the files and records conclusively showed that petitioner was not entitled to relief and that his presence and the appointment of counsel were unnecessary. No error being shown the judgment is affirmed.

FONTRON, J., not participating.