No. 45,040

Raymond W. Lieser, *Appellant*, v. State of Kansas, *Appellee.*

(430 P. 2d 243)

Opinion filed July 12, 1967.

M. K. *Hoag*, of Pleasanton, argued the cause, and was on the brief for the appellant.

*Leighton A. Fossey*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The plaintiff, Raymond W. Lieser, was charged in two separate cases with grand larceny, one charge being for the theft of eight Holstein bull calves, and the other for theft of thirty-seven hogs. In each case, Lieser waived preliminary examination in writing without being represented by counsel.

On September 22, 1960, the district court appointed John H. Morse and Harry C. Blaker, two qualified members of the Linn County bar, to represent the petitioner on both charges, and on October 6, 1960, Lieser appeared for arraignment, accompanied by his two attorneys. The journal entries filed in the two cases reflect that Lieser entered pleas of guilty to both charges and that after the allocutions were had in each case the state proceeded to introduce evidence of two prior convictions. Thereafter, the plaintiff

was sentencd for a term of 17 years on the charge of cattle theft and to a term of 15 years for larceny of the hogs, the sentences to run concurrently.

In November, 1965, the plaintiff, *pro se* filed a motion for relief under K. S. A. 60-1507, raising the single issue that no notice was given of the state's intention to invoke the provisions of the Habitual Criminal Act. The court overruled this motion on January 4, 1966, without holding an evidentiary hearing and without appointing counsel for Mr. Lieser.

In May, 1966, Lieser filed a lengthy handwritten document denominated "motion to rescind order of January 4, 1966, and for rehearing," which we shall hereafter refer to as a motion for rehearing. In this motion nine grounds were enumerated, only two of which pertained to the point raised in his motion to vacate.

On June 30, 1966, the trial court overruled Lieser's motion for rehearing, reciting in its order that each of the points listed had been given consideration, even though only one was contained in the motion to vacate. The court then concluded, from the files and records of the case, that none of the points raised in the motion for rehearing were meritorious, but on the contrary, found that plaintiff was conclusively shown to be entitled to no relief.

Shortly thereafter, the plaintiff filed notice of appeal and asked for the appointment of counsel. Pursuant to such motion, Mr. M. K. Hoag, an attorney of Pleasanton, Kansas, was assigned to assist plaintiff in the appeal.

Three points are set out in the plaintiff's brief:

"1. It was improper and error to hold that sentence was good upon petitioner's plea of guilty when such plea of guilty was not freely and voluntarily made.

"2. It was improper and error to hold that sentence was good under the Habitual Criminal Act without the petitioner having been timely advised that such act might be invoked.

"3. It was improper and error to hold that sentence was good when the prosecution failed to advise the petitioner of his right to be represented by counsel at his preliminary hearing."

Neither the first nor third points were raised in Leiser's motion to vacate and thus strictly are not before this court. However, since they were among the points raised in the plaintiff's motion for rehearing and, according to the trial court's memorandum, were considered and rejected by the court, we will refer to them briefly.

As tn point one it is significant to note that Lieser listed no wit-

ness by whom he expected to establish that his pleas were entered involuntarily. Neither the name nor the address of a single witness appears in either his motion to vacate, as required in paragraph 11 of the form set out in the appendix to Rule No. 121 (197 Kan. LXXVII), or in his motion for rehearing. Nor does plaintiff, in his brief filed in this appeal, indicate that witnesses are available to substantiate his claim of coercion. It may, therefore, be assumed that plaintiff expected to rely on his own testimony to establish his first point. We have often held, and reiterate once again, that under Rule No. 121 (g) the uncorroborated testimony of a movant is insufficient to sustain his burden of proof under K. S. A. 60-1507. See *Chambers v. State,* 199 Kan. 483, 430 P. 2d 241, and cases therein cited.)

Turning to point three, the plaintiff concedes this court has held repeatedly that one accused of crime has no constitutional right to appointed counsel at his preliminary examination, and that failure to provide him with counsel at that stage of the proceedings does not constitute error in the absence of prejudice to his substantial rights. (*Lee v. State,* 197 Kan. 371, 416 P. 2d 285; *Addington v. State,* 198 Kan. 228, 424 P. 2d 871.) There is no suggestion of prejudice to the plaintiff's rights in this case. Furthermore, the plaintiff pleaded guilty to both charges of larceny. Under our decisions, a plea of guilty acts as a waiver of irregularities which may have occurred at the preliminary hearing. (*Lee v. State,* supra.)

The plaintiff's principal contention of error, and the only error mentioned in his motion to vacate under 60-1507, is that notice was not given of the state's intention to invoke the provisions of the Habitual Criminal Act (K. S. A. 21-107a) until after allocution. We have not been provided with a transcript of the sentencing proceedings but the journal entries indicate that the evidence of prior convictions was introduced following allocution.

This court has consistently held that a defendant is entitled to reasonable notice of the state's intention to invoke the provisions of the Habitual Criminal Act before sentence is imposed thereunder but that the right to such notice is a right which may be waived. (*State v. Fountaine,* 196 Kan. 638, 414 P. 2d 75; *Brown v. State,* 198 Kan. 345, 424 P. 2d 576, and cases cited therein.)

Assuming for purposes of argument that the plaintiff had not been given notice until after the allocution, his claim of prejudicial error cannot be upheld. When Mr. Lieser was sentenced he was

represented by two lawyers, both of whom are known by this court to have had long experience at the bar of this state, and there is nothing in the record to show any objection made to the evidence of former convictions when the evidence was offered. To the contrary, the state asserts in its brief that no objection was made to the introduction of that evidence, and this statement stands unchallenged.

Neither does the record show that the plaintiff has ever denied the prior convictions or denied that he is the person to whom the convictions refer. No contention has been advanced in this appeal that plaintiff was refused an opportunity either to be heard concerning the admissibility of the evidence or to refute the allegations that he had been previously convicted of felonies.

Under the circumstances detailed here, we believe this plaintiff must be deemed to have waived prior notice of intent to invoke the provisions of K. S. A. 21-107a. In a situation very similar to that obtaining in the instant action, the federal court in *Browning v. Hand,* 284 F. 2d 346 (1960) had this to say:

". . . Assuming that prior notice of the hearing was not given, the defendant was present at the hearing with his attorney, and no contention is made that he did not have full opportunity to be heard on all matters under consideration and to controvert the allegation that he had been convicted of previous felonies which would make him subject to the penalties of the habitual criminal statute. The time for complaint was then, not now. . . ." (p. 347.)

The same court, speaking in *Johnson v. State of Kansas,* 284 F. 2d 344 (1960) also said:

". . . There is nothing in the record to show that the petitioner denied these prior convictions or that he was not the same person described in the exhibits which were before the sentencing court. . . ." (p. 346.)

See, also, *Kelly v. State,* 196 Kan. 428, 411 P. 2d 611; *Burnett v. State,* 199 Kan. 362, 429 P. 2d 923.

We find no error which may be said to have resulted in prejudice to the plaintiff's substantial rights, and the judgment is affirmed.