No. 44,685

CHARLES E. BURNETT, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(429 P. 2d 923)

Opinion filed July 12, 1967.

*Robert R. Arnold,* of Wichita, argued the cause and was on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a proceeding for post conviction relief under K. S. A. 60-1507.

Appellant Charles E. Burnett was found guilty by a jury of the offense of second degree burglary. Upon a showing of two prior convictions of felony, he was on September 2, 1960, sentenced pursuant to the habitual criminal act (now K. S. A. 21-107a) to confinement in the penitentiary for life. Thereafter he appealed *pro se* from this sentence. Despite procedural deficiencies limiting the scope of appellate review, this court examined the record presented and concluded appellant suffered no prejudice to his substantial rights (*State v. Burnett,* 189 Kan. 31, 367 P. 2d 67).

On September 8, 1964, appellant filed the first of three separate motions to vacate his sentence. The ground for relief alleged therein was that the journal entry of judgment failed to reflect he had been given proper notice of intention to invoke the habitual criminal law. On October 27, 1964, the sentencing court denied this motion, stating appellant had been given such notice and that he had opportunity to prepare defenses to prior convictions, if any he had. No appeal was taken from this ruling.

On January 4, 1965, appellant filed his second motion to vacate, alleging as grounds therefor (1) he had no attorney present at his arraignment, (2) he was not notified in written form of the state's intention to invoke the habitual criminal act, (3) he was compelled to establish his identity as a second offender, and (4) he was not advised of his right to appeal and his right to counsel in connection therewith.

The trial court not having acted upon this motion, on February 21, 1966, appellant filed a third motion to vacate, denominating it as supplemental to the second, alleging as grounds (1) character evidence which influenced the jury was improperly admitted into evidence, (2) he was not given timely notice of the intention to impose sentence under the habitual criminal act and (3) the prosecution misdescribed the statute number of the habitual criminal act. Additionally, in his handwritten brief attached to this motion appellant complains of the admission into evidence at the time of his sentencing of his conviction of a felony (interstate transportation of a stolen motor vehicle) for which he was committed to the federal reformatory at El Reno, Oklahoma.

On March 3, 1966, the trial court entered an order denying, without appointment of counsel or evidentiary hearing, the last two motions, and on February 9, 1967, entered a supplementary order of denial, specifying in more detail the basis of the ruling. Appellant brings both orders here for review, counsel having been appointed for him for the appeal.

Appellant's complaints upon appeal rest upon two propositions, first, lack of timely notice prior to imposition of sentence as an habitual criminal, and, second, that the evidence relating to the conviction of transportation of a stolen vehicle was not the best evidence and was improperly considered by the sentencing court.

As stated, the trial court in ruling upon appellant's first motion held that appellant had had notice of intention to invoke the habitual criminal act, and there was no appeal taken from that ruling. In its last ruling of February 9, 1967, the trial court stated any record of notice prior to the time of sentencing in 1960 was no longer available to the court.

Assuming *arguendo* that appellant had no notice of the state's intention to invoke the habitual criminal act prior to the time of actual sentencing, his contentions of prejudicial error may not be sustained. At the time of sentencing he made no objection to the

sentencing procedure on the ground of lack of prior notice, although he did object upon another ground to be presently discussed, and there was no request for recess or continuance. After the evidence of the two prior convictions was received appellant was afforded the right of allocution; again, no complaint was made of lack of prior notice. The matter was not mentioned in the motion for new trial. It is clear appellant had ample opportunity to object to the notice given, or lack thereof, to attack the records of prior convictions and to state why an enhanced sentence should not be imposed. He has never intimated he was not in fact twice previously convicted of felony as indicated or that he has been prejudiced by application of the habitual criminal act. This court has held many times under such circumstances any objection to lack of notice is waived (see e. g. *State v. Fountaine,* 196 Kan. 638, 414 P. 2d 75; *Brown v. State,* 198 Kan. 345, 424 P. 2d 576; *Robertson v. State,* 198 Kan. 662, 426 P. 2d 52. See, also, *Lieser v. State,* 199 Kan. 503, 430 P. 2d 243.)

As indicated, when appellant was sentenced the state offered evidence of two previous convictions. The first was a burglary conviction in the district court of Sedgwick County, Kansas, evidence of which had already been introduced by the prosecution as a part of its case in chief. No objection was or is now made concerning it. The second was for the offense of transporting a stolen motor vehicle in interstate commerce knowing same to have been stolen, such conviction being in the district court of the United States for the district of Kansas. This conviction was evidenced by copies of certain records of the federal reformatory at El Reno, Oklahoma, certified by the warden as official custodian thereof to be true and correct copies of records on file at that institution. In addition to the warden's certificate this evidence consisted of copies of the federal district court's judgment and commitment, a fingerprint record and a photograph.

Appellant objected to the introduction of these records on the ground they were not the best evidence. He in effect argues now that a conviction may not be evidenced in such manner but may be shown only by a record duly authenticated by the clerk of the sentencing court. This court rejected the identical contention upon the same facts as here in *State v. Hall,* 187 Kan. 323, 356 P. 2d 678, and *State v. Loyd,* 187 Kan. 325, 356 P. 2d 825. In those cases records of penal institutions, federal and state as well as sister state,

were used over objection to enhance sentences under the habitual criminal act. This court pointed to G. S. 1949, 60-2854 which provided that copies of all papers authorized or required by law to be filed or recorded in any public office or of any record required by law to be made or kept in any such office duly certified by the officer having the legal custody of such paper or record under his official seal could be received in evidence with the same effect as the original. This court referred also to G. S. 1961 Supp., 60-2854a, our uniform photographic copies of business and public records as evidence act, and held that under those two provisions the trial court did not err in the admission of certified photocopies of the records kept by penal institutions as authorized or required by law for the purpose of applying the habitual criminal act.

There was no denial of due process of law in the sentencing procedure; therefore the trial court properly concluded the files and records conclusively showed appellant was not entitled to relief and that the appointment of counsel and an evidentiary hearing were unnecessary. The judgment is affirmed.

APPROVED BY THE COURT.