No. 44,389

RALPH DILLON SMITH, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

(408 P. 2d 647)

Opinion filed December 11, 1965.

*W. C. Sullivan,* of Phillipsburg, argued the cause and was on the brief for the appellant.

*Richard H. Seaton,* Assistant Attorney General, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Lowell F. Hahn,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order denying petitioner's second motion filed under the provisions of K. S. A. 60-1507 to vacate and set aside a judgment and sentence.

On January 10, 1958, petitioner, being twenty-two years of age, and with a prior criminal record, appeared before the district court of Phillips county charged with the offense of statutory rape. The nature of the charge was fully explained to him by the court. Being indigent and without counsel, his right to have counsel appointed was explained to him in detail. He stated he did not want counsel and that he desired to plead guilty to the charge. Accordingly, he signed a written waiver of counsel, and the court made a finding that the appointment of counsel over his objection

would not be to his advantage, all as provided by what now appears as K. S. A. 62-1304. He thereupon entered a plea of guilty and stated that he had no reason to offer why sentence should not be pronounced. He was sentenced to confinement in the state penitentiary until discharged according to law.

On December 17, 1964, while still confined in the penitentiary, petitioner filed in the district court of Phillips county a motion to vacate his sentence under K. S. A. 60-1507. The motion was on the form prescribed by this court for use in connection with procedure under the statute (194 Kan. xxviii). Question No. 10 of that form directs a petitioner to state concisely all of the grounds on which he bases his allegation that he is being held in custody unlawfully. The substance of petitioner's answer to the question was that the Phillips county attorney filed the complaint and then prosecuted the case, thus making his sentence illegal and unlawful.

On January 19, 1965, the motion came on for hearing. Petitioner was not returned from the penitentiary for the hearing and no counsel was appointed for him. The court filed a memorandum opinion in the nature of findings and conclusions. The opinion reviewed in considerable detail the proceedings of the criminal prosecution of January 10, 1958. With respect to the one ground for relief urged by petitioner in answer to question No. 10 of the motion, above, the court stated that it was not aware of any decision making it illegal for a county attorney to sign a complaint in a criminal case, that it had long been the accepted practice for a county attorney to do so, and that petitioner had cited no authority to the contrary.

In conclusion, the court found that an examination of the motion and files and records of the case showed conclusively that petitioner was entitled to no relief, and denied the motion.

On February 15, 1965, petitioner filed a second motion for relief under K. S. A. 60-1507. This motion likewise was filed on the prescribed form and alleged several reasons why the sentence should be vacated. In answering questions 12 (c) and 13 of the motion, petitioner stated that he had previously filed in the district court of Phillips county a motion to vacate on "frivilouse ground's" and that it had been denied.

On March 2, 1965, this second motion came on for hearing. Petitioner was not present and counsel was not appointed for him. The motion was denied on the ground that it was a second or successive motion for similar relief on behalf of the same prisoner.

Petitioner has appealed from that ruling, and Mr. W. C. Sullivan was appointed to prepare and conduct the appeal. He has done so.

It first is contended that it was error not to grant an evidentiary hearing on the second motion—the merits thereof not having previously been ruled on. Secondly, with respect to the grounds of the second motion, it is contended that in the proceedings of the criminal prosecution on January 10, 1958 (heretofore related) petitioner was not advised of the consequence of his plea of guilty at or before his arraignment, that he was not advised of his right to trial by a jury, that the court lacked jurisdiction to accept his plea because no counsel was appointed for him, and that petitioner was not advised of his right to appeal.

The sole and only question presented by this appeal, however, concerns the correctness of the order denying petitioner's second motion on the ground that it was a second or successive motion for similar relief on behalf of the same prisoner.

Rule No. 121 of this court (194 Kan. xxvii) was adopted in order to clarify and make more uniform the procedure in proceedings under K. S. A. 60-1507. Subdivision (e) of the rule directs that a motion to vacate a sentence be submitted on a prescribed form which shall be furnished by the court in which it is to be filed. As above stated, question No. 10 of that form directs that a petitioner state concisely *all* of the grounds on which he bases his allegation that he is being held in custody unlawfully. Petitioner's first motion was on the prescribed form and listed as his *only* ground for relief the fact that the county attorney filed the complaint and then prosecuted the case. It was within the province of this court to adopt rules implementing the statute, and when, in answer to question No. 10 of the prescribed form of motion a petitioner sets out a ground or grounds for relief—he is presumed to have listed *all* of the grounds upon which he is relying. To hold otherwise would mean that successive motions, each setting out a different and additional ground, could be filed indefinitely—contrary to the obvious intent and meaning of subdivision (c) of the statute which reads—

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

and of division (d) of Rule No. 121, above.

Our conclusion is that under the facts shown by this record petitioner's second motion for relief was properly denied. The judgment is affirmed.