No. 44,348

Leland O. King, *Appellant*, v. The State of Kansas, *Appellee*.

(408 P. 2d 599)

Opinion filed December 11, 1965.

*Donald Hickman*, of Arkansas City, argued the cause, and was on the brief for the appellant.

*J. Michael Smith*, County Attorney, of Winfield, argued the cause, and *Robert C. Londerholm*, Attorney General, of Topeka, and *Tom Pringle*, Deputy County Attorney, of Arkansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fronton, J.: This appeal stems from an order overruling a motion filed by the appellant, under K. S. A. 60-1507, to vacate and set aside a sentence previously imposed against him. In this opinion, the appellant will be referred to as petitioner.

The parties have entered into an "agreed statement on appeal" which, so far as material, shows that the petitioner was charged with stealing a Chevrolet sedan, was arrested on that charge, and was committed to jail; that a preliminary hearing was had at which the petitioner did not have counsel but where both he and his wife testified in his behalf; that petitioner was bound over to district court, where counsel was appointed for him on May 24, 1955; that on September 23, 1955, petitioner was formally arraigned in district court, was placed on trial for the offense charged against him, and was represented throughout the trial by appointed counsel; and that all witnesses requested by the petitioner testified either for the state or the defense.

The agreed statement further shows that upon approval of the verdict by the trial court, the state (appellee herein) gave notice in writing that on September 27, 1955, it would introduce evidence and would request the court to sentence petitioner as an habitual criminal; that the petitioner thereupon conferred with his attorney and announced that he desired to waive such notice and to have sentence pronounced forthwith; that evidence of one previous con-

viction was thereupon introduced and the court sentenced the petitioner to the Kansas State Penitentiary for not less than fifteen (15) nor more than thirty (30) years; and that on February 27, 1958, the Governor of Kansas commuted the sentence to five (5) to thirty (30) years.

It is further agreed that no motion for a new trial was filed and that the record does not disclose, except as recited above, what advice or consultation, if any, was had between petitioner and court-appointed counsel concerning a motion for new trial, the habitual criminal statutes, or other matters.

Before proceeding to consider the several substantive points raised by petitioner on this appeal, we are obliged to give heed to a matter disclosed when this case was presented on oral argument. Upon inquiry by this court at that time, it was discovered, and was conceded by counsel, that the petitioner is now serving unexpired sentences imposed in another case in addition to the sentence challenged here. This information has posed the question whether this proceeding can be maintained by petitioner at the present time. It is our opinion that this query demands a negative response.

K. S. A. 60-1507 (a) provides as follows:

"A prisoner in custody under sentence of a court of general jurisdiction *claiming the right to be released* upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis supplied.)

To implement K. S. A. 60-1507, as well as for the purpose of establishing the procedures to be followed in invoking its provisions, this court on October 16, 1964, adopted Rule No. 121 set out in 194 Kan. xxvii. Section (c) of the rule provides in relevant part:

"(1) The provisions of section 60-1507 may be invoked only by one in custody claiming the right to be released, (2) a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence. . . ."

The foregoing language is plain and explicit. We believe it requires neither clarification nor interpretation. The express terms of the rule precludes the petitioner from maintaining this action at this time. No matter what our conclusion might be on the merits

of the contentions advanced by petitioner in his motion, he would not be released from prison, for he still would be confined under other sentences whose validity is not involved in this case.

However, it has been suggested that Rule 121 should not be applied here because it was adopted after the instant action was filed. We find no merit in this claim, for we believe the rule is but declarative of the law which long has been applicable to actions of this character.

In our judgment, it was the intention of the legislature when it enacted K. S. A. 60-1507 that proceedings brought thereunder should be coextensive with habeas corpus proceedings. In his admirable work, Kansas Code of Civil Procedure, annotated, Judge Gard, on pages 706 and 707, says of the statute:

". . . It is in fact a form of habeas corpus relief required to be brought in the court which originally had, and, under this section continues to have, jurisdiction over the defendant. The limits of the remedy provided here by motion are the same as upon a writ of habeas corpus in another court."

The foregoing view is implemented by Rule 121 ( *a* ), which reads:

"Section 60-1507 is intended to provide in a sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in district courts in whose jurisdiction the prisoner was confined. . . ."

We have heretofore expressly held that a question of law will not be determined in an action of habeas corpus unless a favorable decision thereon will result in the prisoner's release from custody. ( *Martin v. Amrine*, 156 Kan. 384, 133 P. 2d 582; *Current v. Amrine*, 156 Kan. 388, 133 P. 2d 584.)

This principle is not solely of local origin. In 25 Am. Jur., Habeas Corpus, § 15, page 153, it is couched in the following language:

"As in the case of an appeal or a writ of error, a writ of habeas corpus will not be granted to determine a mere abstract or moot question. The writ is available only where the release of the prisoner will follow as a result of a decision in his favor. It will be denied where it is apparent that the only result, if the writ were issued, would be the remanding of the petitioner to custody. . . ."

The text continues in § 66, page 192, as follows:

"A prisoner lawfully in custody on a conviction on one count of an indictment, whose sentence thereunder has not been served, is not entitled to a writ of habeas corpus on the ground that his conviction under another count was invalid, although, except for the existence of such conviction, he would be eligible to apply for parole."

We find the rule firmly rooted in federal procedure as well. A

situation somewhat analogous to the one now before us was under consideration in *McNally v. Hill, Warden,* 293 U. S. 131, 79 L. Ed. 238, 55 S. Ct. 24. In that case, the petitioner had been convicted on three separate counts of auto theft charged in one indictment. An action of habeas corpus was brought attacking the third count alone, and the court held:

"The writ of habeas corpus may not be used in the federal courts as a means of securing the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immedate (sic) release." (Syl. ¶ 4.)

To similar effect see *Holiday v. Johnston,* 313 U. S. 342, 85 L. Ed. 1392, 61 S. Ct. 1015.

In view of what we have heretofore said, we conclude that this action was improvidently brought and should be dismissed. We affirm the judgment of the lower court denying the petitioner's motion and remand this case with directions to dismiss the same.