No. 44,413

CLIFFORD LEEROY PERRIN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(410 P. 2d 298)

Opinion filed January 22, 1966.

*D. M. Ward* and *Gaylord I. Maples,* both of Peabody, argued the cause, and were on the briefs for appellant.

*Dean C. Batt,* County Attorney, of Marion, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order of the district court of Marion County, summarily denying the petitioner's motion to set aside the sentence imposed on October 29, 1962, upon his plea of guilty to the crimes of second degree burglary and grand larceny. On that date, the district court sentenced him to confinement in the Kansas State Penitentiary for a period of fifteen years pursuant to the Kansas Habitual Criminal Act. (K. S. A. 21-107a.)

On October 5, 1962, a warrant was issued out of the county court of Marion charging the petitioner, Clifford LeeRoy Perrin, with burglarizing in the nighttime Wingerd's IGA Store and Williams Home Oil Company, both in Marion, and unlawfully stealing $100 in lawful money of the United States from the latter place. He was arrested on October 12, 1962, and brought before the judge of the county court of Marion, where he was advised of the charges pending against him and of his right to have a preliminary examination. After being so advised, the petitioner waived his right to a preliminary examination and he was bound over to the district court to stand trial for the crimes of burglary in the nighttime and grand larceny as charged in the complaint and warrant. Bond was fixed

in the sum of $5,000, and upon the petitioner's failure to give bond, he was committed to the jail of Marion County.

An information was filed in the district court by the county attorney, entitled State of Kansas versus Clifford LeeRoy Perrin, Case No. 13,281, charging the petitioner in count one of burglarizing the Wingerd's IGA Store in the nighttime, and in count two of burglarizing the Williams Home Oil Company and stealing $100 in United States currency therefrom.

On the morning of October 29, 1962, the petitioner was brought before the district court to ascertain whether he had counsel to represent him. The petitioner informed the court he had no attorney and had no funds with which to employ counsel. Upon his request, the district court appointed D. M. Ward, a member of the Marion County Bar, to represent him. The case was continued in order to give counsel an opportunity to confer with the petitioner, and later, but during the afternoon on the same day, the petitioner and his counsel came before the district court for arraignment. Counsel advised the court he had two conferences with petitioner and they were ready to proceed. The petitioner stated he would waive arraignment, but the court required the county attorney to read the information and state in general terms the nature of the charges therein contained. The court inquired of the petitioner and his counsel how he wished to plead and the petitioner stated in open court he was guilty of each count as charged, and that he "just had guilty feeling." The district court accepted the pleas of guilty and adjudged the petitioner guilty of each felony count alleged against him.

Thereafter, the county attorney moved the court to sentence the petitioner pursuant to the Kansas Habitual Criminal Act (K. S. A. 21-107a), and introduced in evidence a certified copy of petitioner's conviction on June 6, 1957, in the district court of Washington County, Oklahoma, of burglary in the second degree for which petitioner was sentenced to serve two and a half years in the state penitentiary at McAlester, Oklahoma. The certified record revealed the petitioner's sentence was suspended, but that on November 8, 1957, grounds for revoking the suspension of the sentence were presented and he was ordered to serve the sentence imposed in the Oklahoma State Penitentiary.

Thereupon, the county attorney presented a certified copy of petitioner's conviction in the United States District Court for the Northern District of California on February 17, 1960, of the crime

of transporting stolen firearms in interstate commerce and that he was committed to the custody of the attorney general for imprisonment for a term of five years. On June 2, 1960, the judgment pronounced against the petitioner was modified when the court found he was a youth offender within the meaning of the Federal Youth Corrections Act (18 U. S. C. Ch. 402), and he was sentenced to the custody of the attorney general for treatment and supervision pursuant to that Act until discharged by the Youth Correction Division of the Board of Parole as provided in Sec. 5017 (c) of the Federal Youth Corrections Act. The certified record also revealed that following his sentence as a federal youth offender, the petitioner was transferred from the Federal Correctional Institution in Lompoc, California, to the Federal Reformatory, El Reno, Oklahoma, on July 13, 1960; that he was released on parole from the latter institution on October 17, 1961, and did not satisfactorily complete the parole inasmuch as a parole violator warrant was lodged against him.

Neither the petitioner nor his counsel made any objection to the certified copies of convictions. The district court found from the records, statements, and evidence that the petitioner had two former convictions of felony which were committed by him and that his present conviction was his third conviction of felony, and, accordingly, adjudged that he be sentenced as an habitual criminal pursuant to the provisions of K. S. A. 21-107a to confinement in the Kansas State Penitentiary for a period of not less than fifteen years.

On October 14, 1964, the petitioner, acting *pro se*, wrote the judge of the district court of Marion County concerning the validity of the judgment and sentence rendered on October 29, 1962. The letter recited the petitioner's conviction of burglary and grand larceny and his sentence under the Habitual Criminal Act. It further recited that since being committed, he had spent many hours in the prison legal library and had been in correspondence with several federal agencies, and that:

"From all of this we have established that it is a matter of legal fact, having been ruled on in many cases both State and Federal, that the Federal Youth Act as a prior conviction, is not applicable towards enhancement of penalty on a later conviction. It has also been established in many Kansas Courts, the latest of an opinion by the Attorney General of Kansas in 1964, that an erroneous sentence may not be corrected by enhancement of the statutory sentence, which denies the court jurisdiction to sentence the defendant consecutively on the two charges in the information which was the courts option at the initial proceeding.

"Now, I do not presume to ask the (court) to act in this matter merely on the strength of my word. I have been urged by my family to allow my attorney to start legal proceedings, but I believe it is to my advantage to simply point out these errors to the court trusting that Your Honor would prefer to adjust the sentence I am now serving voluntarily. I say this because if and when my sentence is corrected I will have to appear before a parole board and I would rather not appear as an antagonist. In addition to having complied a very substantial amount of material to substantiate the above allegations, I have been assured that upon filing the proper motion my Federal Youth Act conviction will be readily ordered inapplicable or null insofar as being used or incorporated into an habitual statute or the enhancement of any sentence therefrom."

The district court treated the petitioner's letter of October 14, 1964, as a motion filed under K. S. A. 60-1507 to vacate the sentence imposed in Case No. 13,281. The letter was filed and docketed and given Case No. 13,576. On October 30, 1964, the district court prepared written findings of fact and conclusions of law and summarily denied the petitioner's motion upon the ground that the files and records in Case No. 13,281 conclusively showed he was entitled to no relief. Counsel was not appointed to represent petitioner in this proceeding. No appeal was taken from that judgment.

The proceedings out of which this appeal arises were commenced by petitioner on January 18, 1965, when he filed a motion pursuant to K. S. A. 60-1507 and Rule No. 121 (194 Kan. xxvii), to vacate the sentence imposed in Case No. 13,281. *The motion was in accordance with the form prescribed* in Rule No. 121 (*e*), and was given docket No. 13,608. It alleged that the petitioner was not advised of his rights to a jury; that his court-appointed counsel did not advise him of his rights to appeal to the Supreme Court from his conviction and sentence of October 29, 1962; that the information was fatally defective because it did not allege the proper ownership of the alleged business; that the county attorney "used mental coercion to induce my plea of guilty . . . used my confession (extracted before arraignment without benefit of counsel's presence) if I had a jury trial." Further, that he (the county attorney) "would give me 5 to 10 years on both counts to run consecutively and would further file an additional charge of felonious assault with intent to kill and see that I got 10 years consecutively for this crime. Because of the seriousness of this mental coercion, I was forced to plead guilty"; that counsel was not appointed to represent him at his preliminary examination, and that no formal written notice was served upon him prior to the imposition of the Habitual Criminal Act.

For his tenth ground, the petitioner alleged the same ground set forth in his letter of October 14, 1964; *i. e.,* that the sentence imposed pursuant to the Federal Youth Corrections Act was not a final conviction and could not be used as a second conviction under the Kansas Habitual Criminal Act (K. S. A. 21-107a), to enhance the penalty of his conviction of October 29, 1962.

Counsel was not appointed to represent the petitioner and on May 3, 1965, the district court considered the motion filed January 18, 1965, and, without making findings of fact and conclusions of law, summarily denied relief. The petitioner timely appealed to this court, and D. M. Ward, who represented him in Case No. 13,281 on October 29, 1962, was appointed to assist him in perfecting his appeal.

It appears from the record the district court summarily denied the petitioner's motion upon the ground that it was not required to entertain a second or successive motion for relief on his behalf. We think the district court erred in making that disposition of the motion. The instant case is distinguishable from *Smith v. State,* 195 Kan. 745, 408 P. 2d 647. There, the petitioner filed a motion pursuant to K. S. A. 60-1507 *on the form of motion prescribed* by Rule No. 121 (*e*) and alleged as the only ground for relief that the county attorney was unauthorized to file a complaint and prosecute his case in the district court. The motion was denied. Later, he filed a second motion for relief under the statute and *on the form of motion prescribed* by the rule and alleged additional grounds why his sentence should be vacated. He also alleged in the second motion that the ground stated in his first motion was "frivolous." This court held that when a prisoner, in answer to question No. 10 of the prescribed form of motion provided in Rule No. 121 (*e*) alleges a ground or grounds to vacate the sentence, *he is presumed to have listed all of the grounds upon which he is relying,* and that when a second or successive motion is filed to vacate the sentence on the form prescribed by the rule, a district court does not err in summarily denying the second motion on the ground that it was "a second or successive motion for relief on behalf of the same prisoner" as provided in Rule No. 121 (*d*), and constitutes an abuse of the motion remedy.

The district court was justified in treating the petitioner's letter of October 14, 1964, as a motion to vacate the sentence pursuant to K. S. A. 60-1507. The letter alleged a ground which attacked the validity of the sentence imposed. However, that letter-motion was

prepared and mailed to the district court prior to the adoption of Rule No. 121, and before *the form of the motion prescribed in subsection (e)* was made available to prisoners in the state penitentiary for their use. For this reason we are of the opinion the ends of justice would be served by our holding that the petitioner's motion filed on January 18, 1965, should be set for hearing and findings of fact and conclusions of law be made disposing of its allegations on the merits. It contained additional grounds for relief not alleged in the first motion, and, under the specific facts of this case, we are of the opinion that motion was not a second or successive motion as contemplated by the statute (*Sanders v. United States,* 373 U. S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068), and does not fall within the rule announced in *Smith v. State,* supra. In determining the various allegations of the petitioner's motion filed January 18, 1965, the district court is not required to re-examine the allegations of paragraph 10 with respect to the use of the Federal Youth Corrections Act sentence as a second previous felony conviction to enhance the penalty under the Kansas Habitual Criminal Act. That point was specifically raised in the petitioner's first motion and was determined on the merits adversely to his contention. No appeal was taken from that judgment and it became final. The rightness or wrongness of the district court's decision on that point may not now be inquired into. (K. S. A. 60-1507, Rule No. 121 [*d*], [1] and [2].)

On reversal, a hearing should be had and findings of fact and conclusions of law be made. We do not say that it will be necessary to produce the petitioner at the hearing to enable him to testify. The statute provides that the motion may be determined "without requiring the production of the prisoner at the hearing." Not every colorable allegation entitles a prisoner in the penitentiary to a trip to the sentencing court. Neither is the district court compelled to accept all allegations in a motion filed for relief under the statute as presumptively valid, nor accept allegations which are "patently unbelievable." (*Edge v. Wainwright,* 347 F. 2d 190, 192.) Flimsy and transparent charges or allegations are insufficient to sustain a justiciable controversy. In *Call v. State,* 195 Kan. 688, 408 P. 2d 688, it was said:

"We have held in *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971, that the right to an evidentiary hearing in proceedings brought under K. S. A. 60-1507 does not extend to those instances where the claims advanced are trivial, frivolous or insubstantial. In *Webb v. State,* 195 Kan. 728, 408 P. 2d

662, we further hold that a sentencing court is vested with discretion in ascertaining whether a claim made under the foregoing statute is substantial before granting an evidentiary hearing thereon and requiring the petitioner's presence." (p. 693.)

In passing we note that nowhere in the record does the petitioner name any witnesses or refer to any evidence by which he could substantiate his claims.

Section 60-1507, *et seq.*, follows the language of a federal statute (28 U. S. C. A. § 2255) authorizing postconviction motions to vacate or correct sentences imposed in federal courts, and "it may therefore be said the body of the federal law which has developed under § 2255, *supra*, should be given great weight in construing the provisions of 60-1507, *supra*, in the Kansas law." (*State v. Richardson*, 194 Kan. 471, 399 P. 2d 799.)

In considering a motion of a federal prisoner filed pursuant to § 2255, *supra*, which had been summarily denied by the sentencing court, the Supreme Court of the United States, in *Sanders v. United States*, supra, said:

". . . This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant. Cf. *Coppedge v. United States*, 369 U. S. 438, 446. . . . As we said only last Term:

" 'What has been said is not to imply that a movant [under § 2255] must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. Whether the petition in the present case can appropriately be disposed of without the presence of the petitioner at the hearing is a question to be resolved in the further proceedings in the District Court.

" '. . .' *Machibroda v. United States*, supra, at 495-496. (Footnote omitted.)" (pp. 21, 22.)

The judgment of the district court is reversed and it is directed to proceed in accordance with the views expressed in this opinion.

It is so ordered.

SCHROEDER, J., concurring: I agree the decision should be reversed, but think the allegations of paragraph 10 with respect to

the Federal Youth Correction Act sentence should be reconsidered.

The petitioner's letter which was treated as a prior motion raised *a substantial question of law*. But the trial court, contrary to Rule No. 121 (*i*), did not appoint counsel for the indigent petitioner to present this question. The petitioner was entitled under our rules to the benefit of one duly trained in the law to research this point and have it fairly presented to the trial court for consideration.

Here the court seeks to circumvent this nice question of law by holding the decision on the first motion is *res judicata*, no appeal having been taken. It must be remembered the petitioner was not present at the hearing on the first motion and he was not represented by counsel. There is no showing in the record that he was even informed of the *court's summary decision* prior to the expiration of his time for appeal.

It is respectfully submitted the trial court should be ordered to reconsider paragraph 10 as well as the other matters raised in the petitioner's second motion.