No. 44,561

Oscar Glenn Lee, *Appellant*, v. State of Kansas, *Appellee*.

(416 P. 2d 285)

Opinion filed July 14, 1966.

*E. Michael Harding*, of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews*, County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The plaintiff, Oscar Glenn Lee, has appealed from an order overruling his motion to vacate a judgment and sentence previously imposed against him. He will be referred to herein either as Lee or petitioner.

The material facts are as follows: On March 15, 1962, Lee was charged with two counts of second-degree forgery. Four days later he appeared without counsel before the city court of Salina, Kansas, where he waived preliminary hearing and was bound over to the district court for trial.

Counsel was appointed for petitioner by the district court on August 17, 1962, and Lee was formally arraigned September 11, 1962, at which time he entered pleas of not guilty. Subsequently, the petitioner, through counsel, moved to withdraw his pleas of not guilty. This motion was sustained and Lee thereupon pleaded guilty as charged. The petitioner was then sentenced to the Kansas State Penitentiary, where he is presently confined.

In July 1964, the petitioner filed a motion, pursuant to K. S. A. 60-1507, to vacate the sentence for the reason that counsel was not provided at the preliminary examination. On September 3, 1964, the district court overruled this motion on the ground that petitioner, by pleading guilty, had waived whatever irregularities there may have been in the preliminary examination.

Approximately a year later, Lee filed a second and identical motion under 60-1507, *supra*. This motion was rejected on October 13, 1965, the basis being that the court was not required under K. S. A. 60-1507 (*c*) and Rule No. 121 (*d*) [194 Kan. xxvii] of this court to entertain a second or successive motion for similar relief on behalf of the same prisoner. An appeal was perfected from this ruling and counsel was appointed to represent the petitioner on appeal.

An examination of the record reveals that Lee is presently serving another sentence which is not now being challenged. Consequently, the present action cannot be maintained. Rule No. 121 (*c*) provides in pertinent part:

"(1) The provisions of section 60-1507 may be invoked only by one in custody claiming the right to be released, (2) a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence, . . ." (194 Kan. xxvii.)

In *King v. State*, 195 Kan. 736, 408 P. 2d 599, we had occasion to examine this rule and in the course of that opinion we said:

". . . The express terms of the rule precludes the petitioner from maintaining this action at this time. No matter what our conclusion might be on the merits of the contentions advanced by petitioner in his motion, he would not be released from prison, for he still would be confined under other sentences whose validity is not involved in this case." (pp. 737, 738.)

Our holding in the King case is concisely expressed in the syllabus in this language:

"A prisoner is not entitled to challenge the validity of a sentence by a motion filed under K. S. A. 60-1507 where, despite an adjudication finding the sentence void, he would still be confined under another sentence." (p. 736.)

We believe this to be a salutary rule essential to the prompt and orderly dispatch of judicial business. No reason is perceived for departing therefrom in this case.

Even though this action must be dismissed under the King holding, we have nevertheless examined the petitioner's motion and find the ground alleged to be untenable. We have often held that an accused has no constitutional right to appointed counsel at the preliminary examination and that failure to provide the accused with counsel at such time does not constitute error in the absence of prejudice to his substantial rights. (*State v. Richardson*, 194 Kan. 471, 399 P. 2d 799; *Fields v. State*, 195 Kan. 718, 408 P. 2d 674; *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652; *Smith v. State*, 196 Kan. 438, 411 P. 2d 663.) There is no suggestion of prejudice to the

petitioner's rights in this case. Our prior decisions have also been consistent in holding that a plea of guilty acts as a waiver of irregularities occurring at the preliminary hearing. (*Cleveland v. State*, 195 Kan. 544, 407 P. 2d 488; *Portis v. State*, 195 Kan. 313, 403 P. 2d 959.)

In addition, we have explicitly held that under the provisions of K. S. A. 60-1507 (*c*) a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. (*Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528; *Smith v. State*, 195 Kan. 745, 408 P. 2d 647; *Hanes v. State*, 196 Kan. 409, 411 P. 2d 646.)

The judgment of the trial court denying petitioner's motion is affirmed and this case is remanded with directions that the action be dismissed as having been improvidently brought.