No. 44,693

WILLIAM H. JACKSON, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(419 P. 2d 937)

Opinion filed November 5, 1966.

*Corwin C. Spencer*, of Oakley, argued the cause and was on the briefs for the appellant.

*James E. Taylor*, Special County Attorney, Sharon Springs, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order in a proceeding brought under the provisions of K. S. A. 60-1507 refusing to vacate or set aside a sentence.

The petitioner was charged with burglary in the second degree and on the 19th day of December, 1957, found by a jury to be guilty as charged. That case will be identified as Case No. 2415 as it appeared in the court below. While committed to the county jail awaiting the determination of a motion for a new trial he escaped. He was apprehended and, growing out of this escapade, was charged with breaking jail, robbery in the first degree and assault with felonious intent. He pleaded guilty to these charges. That case will be identified as Case No. 2428 as it appeared in the court below.

On December 24, 1957, the motion for a new trial was heard and overruled in Case No. 2415, and petitioner was sentenced to a term of not less than five or more than ten years on the charge of burglary in the second degree, and for his natural life under the habitual criminal act.

On the same date, December 24, 1957, the petitioner was sentenced in Case No. 2428. He received a sentence of one to three years for breaking jail; ten to twenty-one years for robbery in the first degree, and one to ten years for assault with felonious intent.

On August 27, 1964, the petitioner filed a letter motion attacking his sentence under Case No. 2415 which the trial court treated as a petition under K. S. A. 60-1507 and denied relief. That matter does not require detailed attention.

On February 11, 1965, the petitioner filed his present petition under the provisions of K. S. A. 60-1507 seeking to have his life sentence in Case No. 2415 vacated or set aside. The life sentence was challenged on numerous grounds. The trial court found that the petitioner had filed a previous petition asking the same relief which was denied by the trial court on the 21st day of September, 1964, after an examination of the record which disclosed the petitioner's contentions were without merit. The trial court concluded:

"The court therefore finds that the motion filed by movant on February 15, 1965, asking the same relief as his motion filed August 27, 1964, should be overruled, and it is so ordered."

The petitioner did not attack the sentence which he received in Case No. 2428.

The petitioner has appealed and seeks to have reviewed the numerous grounds on which he challenged the life sentence in Case No. 2415 in the trial court.

At the outset we are faced with the state's challenge as to the right of petitioner to maintain the action under the provisions of K. S. A. 60-1507. Our attention is called to Supreme Court Rule No. 121 (c) (2), which reads:

". . . a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence, . . ." (194 Kan. XXVII.)

It appears from the record, and able counsel for appellant does not otherwise contend, that even though the appellant was freed from his life sentence in Case No. 2415, that he would still be serving the sentence for robbery in the first degree under Case No. 2428.

The sentence in Case No. 2428 has not been challenged. Consequently the second action cannot be maintained. In *Lee v. State,* 197 Kan. 371, 416 P. 2d 285, we stated:

"In *King v. State,* 195 Kan. 736, 408 P. 2d 599, we had occasion to examine this rule and in the course of that opinion we said:

" '. . . The express terms of the rule precludes the petitioner from maintaining this action at this time. No matter what our conclusion might be on the merits of the contentions advanced by petitioner in his motion, he

would not be released from prison, for he still would be confined under other sentences whose validity is not involved in this case.' (pp. 737, 738.)

"Our holding in the King case is concisely expressed in the syllabus in this language:

"'A prisoner is not entitled to challenge the validity of a sentence by a motion filed under K. S. A. 60-1507 where, despite an adjudication finding the sentence void, he would still be confined under another sentence.' (p. 736.)

"We believe this to be a salutary rule essential to the prompt and orderly dispatch of judicial business. No reason is perceived for departing therefrom in this case." (p. 372.)

It should also be noted that under the provisions of K. S. A. 60-1507 a sentencing court is not required to entertain a second or successive motion for similar relief. (*Lee v. State,* supra; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *Smith v. State,* 195 Kan. 745, 408 P. 2d 647; *Hanes v. State,* 196 Kan. 409, 411 P. 2d 646.)

The judgment of the trial court denying petitioner's motion is affirmed and the case is remanded with directions that the action be dismissed.

APPROVED BY THE COURT.