No. 45,424

Donald Eugene Davis, *Appellant*, v. State of Kansas, *Appellee*.

(446 P. 2d 830)

Opinion filed November 9, 1968.

*Thomas M. Dawson*, of Leavenworth, argued the cause and was on the briefs for the appellant.

*James N. Snyder*, Jr., Assistant County Attorney, argued the cause, and *Joseph J. Dawes*, *Jr.*, County Attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is an appeal in a proceeding instituted pursuant to K. S. A. 60-1507, wherein the trial court, after an evidentiary hearing, denied relief on the grounds that, despite an adjudication invalidating the sentence attacked, petitioner would still be confined under another sentence. Issues raised by petitioner in his motion were not determined by the trial court.

At the time of the hearing before the trial court, petitioner was serving a sentence of not less than ten nor more than thirty years imposed by the district court of Labette County. That sentence was attacked by petitioner in *Davis v. State,* 198 Kan. 271, 424 P. 2d 471. Relief was denied on the same grounds as that relied on by the trial court in the instant case.

The sentence attacked here is for life imprisonment and was imposed by the trial court on November 15, 1952, after defendant entered a plea of guilty to murder in the first degree.

The judgment of the trial court on January 10, 1967, was correct

under the mandate of subparagraph (2) of paragraph (c) of our Supreme Court Rule No. 121 (197 Kan. LXXIV, LXXV), in effect on that date. After the date of the trial court's judgment, this court on June 19, 1968, amended Rule No. 121 by deleting subparagraph (2) of paragraph (c) which read:

". . . (2) a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence, . . ."

Paragraph (c) as amended now reads:

"(c) WHEN REMEDY MAY BE INVOKED. (1) The provisions of section 60-1507 may be invoked only by one in custody claiming the right to be released, (2) a motion to vacate, set aside or correct a sentence cannot be maintained while an appeal from the conviction and sentence is pending or during the time within which an appeal may be perfected, (3) a proceeding under section 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal."

Rule No. 121 was adopted to implement K. S. A. 60-1507 and to establish procedures to be followed in invoking its provisions. The rationale and origin of subparagraph (2) of paragraph (c) was discussed in *King v. State*, 195 Kan. 736, 408 P. 2d 599, wherein it was noted the rule was firmly rooted in federal procedure in *McNally v. Hill, Warden*, 293 U. S. 131, 79 L. Ed. 238, 55 S. Ct. 24 (1934).

The rule established in *McNally* has been overruled. (See *Walker v. Wainwright*, 390 U. S. 335, 19 L. Ed. 2d 1215, 88 S. Ct. 962, decided March 11, 1968, and *Peyton v. Rowe*, 391 U. S. 54, 20 L. Ed. 2d 426, 88 S. Ct. 1549, decided May 20, 1968.) In order to obtain conformance with the holding in the cases cited Rule No. 121 was amended by deleting subparagraph (2) of paragraph (c).

It follows that the judgment of the trial court must be reversed and the case remanded with directions to grant a new hearing and determine issues raised by petitioner.

It is so ordered.