Wᴵʟʟɪᴀᴍ H. Jᴀᴄᴋꜱᴏɴ, *Appellant,* v. Sᴛᴀᴛᴇ ᴏꜰ Kᴀɴꜱᴀꜱ, *Appellee.*

(448 P. 2d 18)

Opinion filed December 7, 1968.

William H. Jackson, movant and appellant, *pro se.*

The opinion of the court was delivered by

Hᴀᴛᴄʜᴇʀ, C.: This is an opinion on a post-decision motion. The movant requests that we overrule our previous decision in the entitled matter and consider his appeal on the merits.

This court had before it the appeal of the appellant from an order of the district court denying consideration of the petition for relief under K. S. A. 60-1507 for the reason the petitioner had filed a previous petition for relief under the same statute. On November 5, 1966, we remanded the case to the district court directing that the action be dismissed. We concluded in the opinion:

"Under the provisions of K. S. A. 60-1507 (*c*) a prisoner may not challenge the validity of a sentence where, despite an adjudication finding the challenged sentence void, he would still be confined under another sentence resulting from a conviction for another offense. (*Lee v. State,* 197 Kan. 371, 416 P. 2d 285.)" (*Jackson v. State,* 197 Kan. 627, syl., 419 P. 2d 937.)

The decision was based on Supreme Court Rule No. 121 (*c*) (2) which read:

". . . a prisoner has no right to an adjudication of a motion challenging the validity of a sentence where notwithstanding an adjudication of invalidity of the sentence challenged he would still be confined under another sentence, . . ." (194 Kan. xxvɪɪ.)

The above rule was taken from the federal rule announced in

*McNally v. Hill, Warden,* 293 U. S. 131, 79 L. Ed. 238, 55 S. Ct. 24 (1934). The *McNally* case was overruled in *Walker v. Wainwright,* 390 U. S. 335, 19 L. Ed. 2d 1215, 88 S. Ct. 692 (March 11, 1968).

In view of the recent United States Supreme Court decision we deleted the above quoted provision from our rules and it is no longer given effect. (*Davis v. State,* 202 Kan. 192, 446 P. 2d 830.)

Under the present existing circumstances the mandate should be withdrawn and the original appeal determined on the merits.

The first petition presented to the district court was in letter form and did not raise the questions presented in the second formal opinion. The situation here would appear to be covered by the rule laid down in *McQueeney v. State,* 198 Kan. 642, 426 P. 2d 114. We quote from page 644 of the opinion:

".  .  .  When a 60-1507 motion is filed on the prescribed form, the presumption is that all grounds upon which a petitioner is relying have been listed in his answer to question No. 10. Under such circumstances, the sentencing court is not required to entertain a second or successive motion, even though it contains additional grounds for relief (*Smith v. State,* 195 Kan. 745, 408 P. 2d 647); however, where, as here, the first motion was filed prior to the adoption of Rule No. 121, the district court is required to consider any additional grounds in the second motion not previously alleged and determined (*Perrin v. State,* 196 Kan. 228, 410 P. 2d 298). After examining the present grounds alleged, we are of the opinion they were not squarely presented in the first motion, and hence, it was proper for the district court to proceed to adjudicate such grounds on their merits."

We conclude that the trial court should have considered the second petition on the merits.

The mandate issued on November 29, 1966, from this court shall be recalled, the judgment of the district court is reversed and the case remanded with instructions to the district court to determine the issues present in the formal petition filed February 15, 1965.

APPROVED BY THE COURT.