No. 45,828

William H. Jackson, *Appellant,* v. State of Kansas, *Appellee.*

(466 P. 2d 305)

Opinion filed March 7, 1970.

*Corwin C. Spencer*, of Oakley, argued the cause, and *Douglas C. Spencer*, of Oakley, was with him on the brief for the appellant.

*James E. Taylor*, county attorney under special appointment, argued the cause, and *Kent Frizzell*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: In December 1957, the petitioner, William H. Jackson, was convicted by a jury of burglary in the second degree and sentenced to a term of not less than five nor more than ten years, *and* for his natural life under the habitual criminal act. No direct appeal was taken; however, a K. S. A. 60-1507 motion for post-conviction relief was filed February 15, 1965.

As a result of the ensuing proceedings, this case has been before us on two previous occasions. On its first appearance, *Jackson v. State*, 197 Kan. 627, 419 P. 2d 937, to which the reader is referred for the factual background of this matter, the case was remanded with directions that the action be dismissed because under our then-existing rules (Rule No. 121 [*c*] [2], 194 Kan. xxvii), despite an adjudication finding the challenged sentence void, the petitioner would still be confined under another sentence resulting from conviction for another offense. On the second occasion (*Jackson v. State*, 202 Kan. 194, 448 P. 2d 18), inasmuch as Rule No. 121 [*c*] [2] had in the interim been abrogated, we overruled our previous decision, recalled the mandate, and directed the district court to determine the issues presented in the motion.

After appointment of counsel for petitioner, the district court, on March 11, 1969, examined the record in the case and determined that Jackson's presence was not necessary at the hearing. Thereupon, the court made specific findings and entered judgment to the effect that the grounds advanced in the motion were without merit, except that the original sentence was invalid, and that petitioner should be returned to the district court for resentencing.

Accordingly, the resentencing proceedings were held April 25, 1969, and the court found (1) a corrected and valid sentence should

be imposed and (2) the evidence introduced at the time of the original sentence established Jackson to be the same person as "William C. Ivory" or "William Cleveland Ivory" who had been convicted of three or more prior felonies, as disclosed by various authenticated records admitted into evidence. Thereupon, the court sentenced "the said William Horace Jackson, alias William C. Ivory or William Cleveland Ivory" under the provisions of K. S. A. 21-107a and 21-109 for a term of not less than fifteen years with a maximum of life. The sentence was to run from December 24, 1957, the date of the original sentencing, concurrent with any other sentence being served by Jackson.

Thereafter Jackson, through his counsel, filed a notice of appeal. Although in somewhat expanded form, the points raised appear to be basically the same as those advanced in his formal motion.

At the outset we note that two trial errors are urged for our consideration—the number of peremptory challenges allowed the petitioner, and an alleged "coercive" instruction—both of which petitioner contends were violative of his constitutional rights.

Generally, a 60-1507 proceeding cannot be used as a substitute for a direct appeal involving mere trial errors; but if the trial errors affect constitutional rights, they may be raised in the collateral proceeding even though they could have been raised by direct appeal, provided there were exceptional circumstances excusing the failure to appeal. (Rule No. 121 [c] [3], Rules of the Supreme Court, 201 Kan. xxxiii; *Baker v. State,* 204 Kan. 607, 464 P. 2d 212.) Petitioner contends there were exceptional circumstances excusing his failure to appeal in that after imposition of the original sentence his court-appointed counsel withdrew from the case, he was thereafter "effectively without counsel," and "for some reason" an appeal was never perfected, even though the court had previously been informed an appeal was intended. We are inclined to agree.

At the time of his conviction in 1957, the petitioner, being indigent, was not entitled under Kansas law to the appointment of counsel to assist him in carrying forth an appeal. In fact, any such request for counsel would have been futile. As a result, had he pursued an appeal, his efforts in effectively presenting his case would have been seriously hampered. In the absence of any showing he intentionally relinquished or abandoned his statutory right of appeal (G. S. 1949 [now K. S. A.] 62-1701), for all we know he

may have been dissuaded from appealing because under our then-existing law he would have been without the aid of an attorney. In our opinion the situation here presents exceptional circumstances justifying consideration of the trial errors. (*Davis v. State,* 204 Kan. 816, 466 P. 2d 311; *Barnes v. State,* 204 Kan. 344, 461 P. 2d 782.) Whether they approach constitutional dimensions, we need not decide for, in any event, they are unmeritorious.

Petitioner's complaint that he was entitled to twelve peremptory challenges instead of six, inasmuch as he was subject to a possible sentence of life imprisonment under the habitual criminal act, was specifically answered in *Mize v. State,* 199 Kan. 666, 433 P. 2d 397, where we stated:

". . . the penalty for the offense charged in the indictment or information furnishes the criterion for determining the number of peremptory challenges rather than the possibility of a sentence under the habitual criminal act." (Syl.)

Also, see *State v. Butler,* 131 Kan. 680, 293 Pac. 756.

The alleged "coercive" instruction was given after the jury had deliberated for some time and the foreman announced there was doubt whether a verdict could be reached. In response, the trial judge proceeded to inform the jurors that they should not be discouraged by the length of time they had been deliberating, and that they should "go back and use your best efforts, follow the instructions of the court, and decide the case if it can be decided under those instructions." While we do not look with favor on the judge's reference to the fact that "the county has gone to considerable expense to try this case" (see *State v. Earsery,* 199 Kan. 208, 428 P. 2d 794), the remarks, when assessed in their entirety, did not amount to the jury's being coerced into making a decision it might otherwise not have made. The remarks were neither "plainly coercive" nor did they tend to be so coercive as to be prejudicial. (*State v. Basker,* 198 Kan. 242, 424 P. 2d 535.) Manifestly, the judge's remarks had no immediate compelling impact, for upon resuming deliberations the jurors did not return a verdict until nearly four and one-half hours later. A careful examination of the record discloses no basis whatsoever for the suggestion that the jury was coerced into rendering its verdict because of the belated instruction.

Petitioner also contends he was not fully informed by his trial

counsel of the offense charged against him and the penalty therefor, as required by G. S. 1957 Supp. [now K. S. A.] 62-1304. The substance of petitioner's argument is that he was not told before trial that the penalty upon conviction might be life imprisonment. The record speaks otherwise. On September 16, 1957, petitioner was brought before the court and Jesse I. Linder was appointed as his attorney. After consulting with Mr. Linder, petitioner waived formal arraignment and entered a plea of not guilty. Just prior to the commencement of trial on December 16, 1957, the following colloquy took place in open court between Jackson and his attorney:

"Defendent Jackson: I understand that if I am convicted, the habitual criminal act will be put on me but I am innocent of the charge, and I wish to go ahead with trial by jury. I wish to have a change of venue.

"Mr. Linder: You know if you are convicted you will get the habitual thrown at you.

"Defendant Jackson: Yes.

"Mr. Linder: And if convicted you will be down there a long time.

"Defendant Jackson: Yes.

"Mr. Linder: And knowing that, you still want to defend?

"Defendant Jackson: I want to defend."

These proceedings leave no doubt petitioner was informed an enhanced penalty of some type would be imposed if he were convicted. Whether or not a life sentence would result, of course, was something even Mr. Linder, his attorney, could not forecast with certainty. In view of the preceding colloquy, the petitioner was cognizant of the fact the judge had considerable latitude as to the sentence which ultimately might be imposed. Notwithstanding, petitioner maintained his plea of not guilty and chose to go to trial. In no way did he suffer any prejudice by the lack of information concerning the precise penalty that might be imposed. Even where the habitual criminal act is not involved, we have said that the failure of counsel to inform his client of the penalty for the offense with which he stands charged cannot be deemed prejudicial where the defendant has entered a plea of not guilty and has been afforded a trial by jury. (*King v. State,* 200 Kan. 461, 436 P. 2d 855.) We detect no delinquency on the part of Mr. Linder, and petitioner's contention is completely unfounded.

We should mention that throughout petitioner's brief there are various assertions Mr. Linder did not fairly and competently represent him at trial. These contentions are so frivolous as not to deserve extended discussion. The adequacy of an attorney's

services on behalf of an accused must always be guaged by the totality of his representation. We are satisfied from the record the petitioner has failed to sustain the burden of establishing incompetency or the ineffective assistance of counsel to the extent necessary to overcome the presumption of regularity of a conviction. (*Baker v. State*, supra, and cases cited therein.)

The sentence originally imposed for petitioner's conviction was not less than five years nor more than ten years *and* a concurrent term of life imprisonment under the habitual criminal act. As previously indicated, the trial court, in disposing of the 60-1507 motion, determined the sentence was invalid and petitioner should be returned to the court for resentencing.

There is no question but that the original sentence imposed was absolutely void. K. S. A. 21-107a does not create a new or separate offense based on the commission of more than one felony; it merely provides for imposition of an increased sentence for a person convicted a second and third time of any felony. (*Mann v. State*, 200 Kan. 422, 436 P. 2d 358; *Aeby v. State*, 199 Kan. 123, 427 P. 2d 453.) In this state a void sentence may be corrected by the substitution of a new and valid sentence, even though the invalid sentence is partially executed; and to accomplish such purpose, the prisoner must be remanded to the sentencing court for further proceedings. Upon resentencing, the trial court's authority is limited to the identical facts and conditions existing at the time of the imposition of the original sentence. (*State v. Fountaine*, 199 Kan. 434, 430 P. 2d 235; *Bridges v. State*, 197 Kan. 704, 421 P. 2d 45; *Roberts v. State*, 197 Kan. 687, 421 P. 2d 48.) In such case the prisoner is entitled to be credited with the time he has already served on the void sentence. ( *State v. Fountaine*, supra.)

The original sentence was imposed December 24, 1957, after a motion for new trial was presented and overruled. The state introduced three exhibits showing that one "William Cleveland Ivory" or "William C. Ivory" had previously been convicted of felonies in the Circuit Court of the City of St. Louis, Missouri, the Circuit Court of Jackson County, Missouri, and the United States District Court for the Eastern District of Missouri. When the first exhibit (Exhibit 14) was introduced, the petitioner objected, saying he had not been guilty as charged. The court queried of him as to whether he was the individual named in the document, to which he responded, "I have went under that name."

He thereafter admitted he had served five years for robbery, which was one of the felonies specifically mentioned in the exhibit, as well as the sentences enumerated in Exhibits 15 and 16. Thereupon, without further objection, the court admitted all three exhibits into evidence.

At the resentencing proceedings the court made a specific finding that petitioner had been given due notice *before trial* that in the event of conviction, the habitual criminal act would be invoked. The court made further findings that petitioner had been convicted of three or more prior felonies, as disclosed by Exhibits 14, 15 and 16, which had been admitted into evidence at the time of original sentencing. The court further found that "William C. Ivory" or "William Cleveland Ivory" is and was the same person as the petitioner, William Horace Jackson. An allocution was given, whereupon petitioner's counsel urged that the court was without jurisdiction to amend or change the original sentence and imposition of a new sentence would constitute double jeopardy. The objection was properly denied. In imposing the new sentence, the court considered no new evidence but limited itself to the same facts and conditions which existed when the original sentence was pronounced.

Due process of law requires that a defendant have reasonable notice that the habitual criminal act be imposed, so that he may be heard upon the issue of his prior felony convictions. (*State v. Young,* 203 Kan. 296, 454 P. 2d 724; *Brown v. State,* 196 Kan. 236, 409 P. 2d 772; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *Browning v. Hand,* 284 F. 2d 346 [10th Cir. 1960], cert. denied, 369 U. S. 821, 7 L. Ed. 2d 786, 82 S. Ct. 833.) The record clearly discloses that at the commencement of trial petitioner's attorney told him about the possibility the habitual criminal act would be invoked against him. Thus, petitioner had ample time to prepare any defense he might have to any evidence of former convictions. He was also afforded a complete hearing on the matter with competent counsel, both at the time of the original sentencing and also when the new sentence was imposed. On both occasions he had full opportunity to refute the evidence of former convictions. The evidence adduced, which was not controverted but, in fact, admitted, was sufficient to establish petitioner was the same person named in the exhibits showing prior felony convictions. Petitioner is simply in no position to now complain he had inadequate notice

or that there was insufficient proof he was the person named. The factual situation here is somewhat analogous to that in *Goodwin v. State,* supra, where we said:

"Where evidence of a previous conviction of a felony was received by a sentencing court pursuant to K. S. A. 21-107a at a time when the defendant was present and in court with his attorney and, being afforded the right to allocution, made no objection and in fact admitted the previous conviction, at a time when he had previously been advised by his attorney of the provisions of the habitual criminal act and that the same might be invoked against him, it is *held,* upon the record presented there was no denial of constitutional rights in any failure by the prosecution to give formal prior notice of the hearing." (Syl. ¶ 4.)

Assuming petitioner had no actual notice of the state's intention to invoke the act before the introduction of evidence of prior convictions, we believe his conduct as heretofore related was such as to constitute a waiver of the notice requirement. (See, *Mann v. State,* supra; *Brown v. State,* 198 Kan. 345, 424 P. 2d 576.)

Petitioner's additional complaint his constitutional rights were violated because he was compelled to furnish evidence against himself in respect to his prior convictions likewise cannot be upheld. (*State v. Ralph,* 194 Kan. 356, 399, P. 2d 548.)

There was sufficient, competent evidence before the trial court to support its finding of petitioner's prior felony convictions, and the new sentence invoking the provisions of the habitual criminal act was properly imposed.

The judgment is affirmed.