No. 46,611

B. J. Robinson, *Appellant,* v. State of Kansas, *Appellee.*

(498 P. 2d 35)

Opinion filed June 10, 1972.

*J. R. Russell,* of Kansas City, argued the cause and was on the brief for the appellant.

*Nick A. Tomasic,* Chief Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Frank D. Menghini,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The petitioner, B. J. Robinson, brings this appeal from a judgment overruling his motion for relief filed pursuant to K. S. A. 60-1507. He was charged in the District Court of Wyandotte County, Kansas, with two counts of first-degree robbery in violation of K. S. A. 21-527. On September 26, 1968, he appeared before the court, accompanied by retained counsel, where he entered a plea of guilty to one count of robbery in the first degree and the other count was dismissed on motion of the state. Before accepting Robinson's plea of guilty and pronouncing sentence thereon the trial court adequately advised him of his rights and questioned him concerning the robbery to which he had just pleaded guilty. A sentence of ten to twenty-one years was thereupon imposed.

At Mr. Robinson's request the trial court referred him to the Kansas State Diagnostic Center for evaluation and report. Upon being returned from the Diagnostic Center, the petitioner applied for probation. The trial judge denied probation after considering the report from the Diagnostic Center and after discussing the case with other members of the board of parole.

Within two months after his incarceration the petitioner filed a motion under K. S. A. 60-1507 challenging the sentence. This motion was denied and Robinson did not appeal therefrom. The

petitioner subsequently filed a second motion which was overruled on December 18, 1969. Again, the petitioner failed to appeal from the judgment overruling his motion.

On November 24, 1970, apparently at Robinson's instigation, the trial court held a rehearing of Robinson's second 1507 motion. At this time, according to the record, the petitioner denied his guilt and testified he did not understand what was involved in a plea of guilty to a robbery charge and that his attorney told him he would be given probation. The journal entry which was filed December 15, 1970, recites that the petitioner "raised the same points of law and adduces substantially the same evidence as presented in the two previous K. S. A. 60-1507 motions which were denied."

The trial court was not required in this case to entertain the petitioner's second motion for relief under K. S. A. 60-1507 or to grant a rehearing thereon more than ten months later. Rule No. 121 (*d*), 205 Kan. xlv, pertaining to district courts, provides as follows:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

In *Perrin v. State,* 196 Kan. 228, 410 P. 2d 298, the petitioner filed a second or successive motion raising a point which had been determined adversely to his contention in a first and prior motion, and this court, in its opinion, said:

". . . That point was specifically raised in the petitioner's first motion and was determined on the merits adversely to his contention. No appeal was taken from that judgment and it became final. The rightness or wrongness of the district court's decision on that point may not now be inquired into. . . ." (p. 233.)

See, also, *McCall v. State,* 196 Kan. 411, 415, 411 P. 2d 647; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *Smith v. State,* 195 Kan. 745, 408 P. 2d 647; *Hanes v. State,* 196 Kan. 409, 411 P. 2d 646; *Lee v. State,* 197 Kan. 371, 416 P. 2d 285.

The petitioner's second motion for relief, as well as his belated motion for rehearing thereof, are infractions of Rule 121. According to the journal entry, the points raised and the evidence introduced in the two prior motions were the same as presented in the motion for rehearing, and under our decisions the petitioner was not entitled to be heard thereon again. Furthermore, we believe the successive

motions filed by the petitioner constitute an abuse of remedy within the purview of our decisions in *Cox v. State,* 200 Kan. 198, 434 P. 2d 843; *Lee v. State,* 207 Kan. 185, 483 P. 2d 482, and *Hacker v. State,* 207 Kan. 195, 483 P. 2d 484. Accordingly, it is our view that the trial court should have dismissed the instant proceeding on that basis. (*Cox v. State,* supra.)

Nonetheless, we have examined the sole point raised in Robinson's brief, although we were not favored with a statement of points as required by the rules, the argument being that the sentencing court, after having reviewed the report from the Diagnostic Center, and having heard the petitioner's testimony that he did not understand the nature of the crime or the implication of his action in pleading guilty, should have set aside the petitioner's plea of guilty and accorded him a trial.

The record provides no basis for such a contention. The report from the Diagnostic Center is not contained in the record and there is nothing in the record to suggest that Mr. Robinson was in anywise incompetent at the time of his plea. Even if the instant proceedings were properly here, we could not say that sentence was improperly imposed against the petitioner, or that his substantial rights have been prejudiced.

This cause is remanded to the trial court with directions to dismiss the proceeding.